OPINION OF THE COURT
Seymour Rotker, J.
These are two unrelated proceedings joined for the purpose *159 of this decision due to common questions of law and common prayers for relief under CPL 240.70. This decision is one of first impression dealing with the permissible sanctions for failure to comply with a demand for discovery under revised CPL article 240 (eff Jan. 1, 1980).
FINDINGS OF FACT
People v Brown involves a December 18, 1979 arrest for grand larceny in the third degree (Penal Law, § 155.30), criminal possession of stolen property in the second degree (Penal Law, § 165.45), criminal mischief in the fourth degree (Penal Law, § 145.00) and unauthorized use of a motor vehicle (Penal Law, § 165.05). The defendant was arraigned on a felony complaint for the above offenses on December 18, 1979. On January 31, 1980, the charges were reduced to petit larceny (Penal Law, § 155.25) and criminal possession of stolen property in the third degree (Penal Law, § 165.40), with the other two misdemeanor charges remaining. The defendant was arraigned on the reduced charges, and at that point was being prosecuted by information (a misdemeanor complaint coupled with a supporting deposition executed pursuant to CPL 100.20 resulting in a conversion to an information under CPL 170.65, subd l).[1] The case was a proper one for a demand for discovery since it was a prosecution by information as *160 required by CPL 240.20 (subd l).[2]
At the initial arraignment and until March 24, 1980, the defendant was represented by the office of Leon B. Polsky, Legal Aid Society. On the latter date, as a result of an application by Mr. Polsky’s office, an attorney was assigned pursuant to article 18-B of the County Law. Said attorney has made the instant motion, based upon the following chronology.
On February 15, 1980, a demand was made on the District Attorney’s office pursuant to the provisions of CPL 240.20. The items requested followed, in the main, the language as set forth in CPL 240.20 (subd 1, pars [a]-[g]). The case was set down for trial on March 21, 1980, and thereafter again on March 26, 1980. The People up to the latter date failed to comply with the demand made — in fact, the People did nothing. The defendant’s motion is to preclude the People from offering into evidence any material or facts as to the recovery of the vehicle from the possession of the defendant. The People contend that such a severe sanction would not be warranted without a showing of prejudice to the defendant.
People v Bryant involves a January 28, 1980 arrest for promoting gambling in the first degree (Penal Law, § 225.10) and possession of gambling records in the first degree (Penal Law, § 225.20). The defendants were arraigned on January 29, 1980. The People requested adjournments, as being unprepared to proceed on February 5, 1980 and February 25, 1980, whereupon the matter was marked final against the People for March 19, 1980. On the latter date, the People were again unprepared to proceed and they reduced the charges to promoting gambling in the second degree (Penal Law, § 225.05) and possession of gambling records in the second degree (Penal Law, § 225.15). Defense counsel, now proceeding on a misdemeanor information, requested time to submit demands for discovery and to make appropriate motions, and the matter was adjourned to April 2, 1980 for that purpose.
Defense counsel served and filed both a demand for discovery pursuant to CPL article 240 and an omnibus motion *161 requesting discovery and a hearing on a motion to suppress physicial evidence on March 21, 1980, four days after the matter was adjourned for said purpose. On April 2, 1980, the People had not responded to either the demand or the motion for discovery. The matter was adjourned until April 22, 1980 for decision and compliance. A decision dated March 27, 1980 granted various items and directing the District Attorney to treat the motion for discovery served upon the court as a demand for discovery and to respond accordingly.
On April 22, 1980, defense counsel was advised for the first time that a search warrant was involved in the matter. A copy of the warrant with accompanying affidavit was served on counsel at 2:45 p.m. on April 22, 1980; but as of that date, no discovery materials and no notice of refusal by the People had been received by defense counsel. Counsel makes the instant motion to preclude the People from introducing at trial copies of any expert reports, any physical evidence seized from the defendants, or premises alleged to be under their control, any recorded statements or admissions made by either defendant and any search warrant or supporting materials relevant to this proceeding.
CONCLUSIONS OF LAW
I
At the outset, this court must determine if these cases come within the purview of the applicable sections on discovery under article 240 as revised, effective January 1, 1980.
With regard to People v Bryant, it is clear that since the alleged offenses charged and the arrests related thereto occurred during calendar year 1980, article 240 as revised covers discovery of items related to that proceeding. With regard to People v Brown, however, the events relating to the incident and the arrest took place in 1979, before the effective date of the statute. Section 4 of chapter 412 of the Laws of 1979 provides: "This act [adding art 240, amdg CPL 30.30, and repealing former art 240] shall take effect on the first day of January next succeeding the date on which it shall have become a law [July 5, 1979], except that the court may limit the application of any provision or provisions in actions which commenced prior thereto where such application would not be feasible or would work injustice.”
The record in Brown should reflect that this involved a late *162 December, 1979 arrest, a conversion to a misdemeanor in late January, 1980, and a filed demand for discovery in mid-February, 1980. Absent any showing of infeasibility or injustice, this court finds that the statutory revision of article 240 is applicable to the demand for discovery in the Brown case.
II
This court must determine whether the matter requested in the demands for discovery constitutes "property” within the meaning of article 240.
In People v Brown, defense counsel argues that the People should be precluded from introducing evidence about the 1975 Ford which constitutes the alleged stolen property in the case, due to the failure of the People "to make available for inspection, photographing, copying and testing: * * * (d) Any other property obtained from the defendant or a co-defendont.” The People contend that the matter is not covered by the request since "The automobile was not obtained from the defendant.” The People assert "It is clear from the facts and it is stated in the complaint that the defendant was seen behind the wheel of the automobile. However, when the defendant saw the arresting officer he fled from the auto. Thus the property was abandoned and never obtained from the defendant.” The People further contend that their disclosure of the fact that the car involved was a 1975 Ford, registration No. 262JFWNY79 as outlined in the complaint is sufficient disclosure.
CPL 240.10 (subd 3) defines "property” as follows: " 'Property’ means any existing tangible personal or real property, including but not limited to, books, records, reports, memoranda, papers, photographs, tapes or other electronic recordings, articles of clothing, fingerprints, blood samples, fingernail scrapings or handwriting specimens, but excluding attorneys’ work product.”
CPL 240.20 (subd 1, par [e]) allows for disclosure and making available upon demand for inspection, photographing, copying or testing: "(e) Any other property obtained from the defendant, or a co-defendant to be tried jointly”.
This court finds that based upon the accusatory instrument filed herein, the affirmation of the People, and the allegations concerning a damaged ignition, the defendant Brown was properly demanding disclosure and availability of *163 the vehicle as "property obtained from the defendant.” The People’s contention that the property was not obtained from the defendant is without merit considering the charge of possessing the vehicle as stolen property. The disclosure of the make, year and registration number in the complaint is not sufficient compliance, since despite that information in the complaint, the defense attorney requested discovery and inspection of the property involved.
In People v Bryant, defense counsel argues that the People should be precluded from introducing any expert reports, physical evidence seized, recorded statements or admissions of either defendant, and any search warrant or supporting materials relevant to the proceeding, due to the failure of the People to respond to the demand for discovery or the motion for discovery. The People contend that there were no expert reports involved nor any statements or admissions, therefore compliance on those items was not required. The People assert that the court order directing treatment of the motion for discovery as a demand for discovery was served April 2, 1980, and that they supplied copies of the search warrants and affidavits on April 22, 1980, within the period for compliance. The People admit that they neglected to contact defense counsel to arrange for inspection of the physical evidence seized from the defendants, but claim that such negligence is mere excusable error on their part, which should not be the basis for the preclusion of the subject matter of their case, the alleged gambling records.
Clearly, the requested items are "property” discoverable under CPL 240.20. Paragraph (a) of subdivision 1 covers statements and admissions and paragraph (c) covers expert reports, if any are involved in the case. The afore-mentioned paragraph (e) would require discovery of the physical evidence seized from the defendants. The search warrant material would be includable under paragraph (g): "(g) Anything required to be disclosed, prior to trial, to the defendant by the prosecutor, pursuant to the constitution of this state or of the United States.” Clearly, the existence of a search warrant and the supporting affidavits for same is a fact of constitutional dimension. (See People v Einhorn, 75 Misc 2d 183; US Const, 4th Amdt; People v Harte, 99 Misc 2d 86.)
Ill
This court must determine whether the requested remedy of *164 a motion to preclude pursuant to CPL 240.70 (subd 1) is appropriate. In so doing several factors must be weighed. Foremost among these is the purpose of the legislative action to broaden pretrial discovery, to define the issues early in the proceedings so as to expedite case processing. (See Bellacosa, Practice Commentary to revised art 240, McKinney’s Cons Laws of NY, Book 11 A, Supp Pamphlet 1972 to 1979, pp 290-291.)
This cannot be readily accomplished without efforts by the prosecution to obtain the necessary material early in the proceedings. As always, the Legislature has given the courts discretion concerning the imposition of penalties for failure to comply with the operative sections of law. Efforts must be made (and this court sees no reason why same cannot be accomplished) for the prosecutor to obtain the necessary reports and provide detailed information required by demand as soon after the defendant is arrested as is practical. These cases appeared on the calendar numerous times and the material requested could easily have been provided, or accounted for, to the defendants’ attorneys.
In the Brown case, there was a failure of the People to comply with a demand for discovery and inspection of the vehicle which is the subject of the crime of possession of stolen property. It is clear that the attorney for the defendant was entitled to such discovery and inspection under CPL 240.20, and that the defendant has been prejudiced by the delay arising from the failure of the People. However, the inspection of the vehicle, while important, perhaps, is not so vital to the defendant’s case so as to unduly prejudice him to the point where the drastic remedy of a motion to preclude would lie. Balancing the hardships, the court denies the motion to preclude in the Brown case.
In People v Bryant, there was a failure of the People to comply with a demand for discovery and a court order directing response to a demand for discovery, as well as a failure to respond to a motion for discovery, and for a request for a hearing on a motion to suppress. There was a failure of the People to notify defense counsel of the existence of a search warrant ab initia, and most especially during the pendency of the request for a hearing on the motion to suppress. Only when the case was about to be marked "Ready” for a suppression hearing did the People finally state that a search warrant existed. The defense attorney immediately stated that his trial *165 strategy and his request for the suppression hearing would be adversely affected by this news, and that he would require additional time to decide whether a motion to controvert the search warrant would lie and to make such motion. Only at that time, over objections of the Assistant District Attorney assigned to the case, was the court successful in ordering the People to supply the defense attorney with a copy of the warrant and accompanying affidavits. This was some three months after the search warrant was executed and the defendants were arraigned, and necessitated additional needless delay in the prosecution of the case.
The subject matter of the items for discovery in People v Bryant, and the nature of the charges, possessing gambling records, is of such a nature that discovery of the requested items was vital to the preparation of the defense. Inspection of the records allegedly seized and discovery of the search warrant are so closely tied to the preparation of the defense that the defendants were unduly prejudiced by the delay caused by the People’s negligence. Again balancing the hardships, this court is constrained to grant the motion to preclude the People, pursuant to CPL 240.70, from introducing any physical evidence seized from the defendants, or premises alleged to be under their control and from introducing any search wárrant or supporting materials relevant to the proceeding.
In rendering its decision, this court is mindful of the language of Governor Carey in the memorandum which accompanied the enactment of the new discovery law: "It is hoped that prosecutors and defense counsel, encouraged by the enactment of these bills, will experiment with even broader discovery on a voluntary basis and that further discovery legislation may be developed in the near future.” (McKinney’s 1979 Sess Laws, p 1801.)
Perhaps just enforcement of legislatively provided sanctions under CPL 240.70 will aid such experimentation.

. "§ 170.65 Replacement of misdemeanor complaint by information and waiver thereof.
"1. A defendant against whom a misdemeanor complaint is pending is not required to enter a plea thereto. For purposes of prosecution, such instrument must, except as provided in subdivision three, be replaced by an information, and the defendant must be arraigned thereon. If the misdemeanor complaint is supplemented by a supporting deposition and such instruments taken together satisfy the requirements for a valid information, such misdemeanor complaint is deemed to have been converted to and to constitute a replacing information.”
"§ 100.40 Local criminal court accusatory instruments; sufficiency on face. 1. An information, or a count thereof, is sufficient on its face when: * * *
"(b) The allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information; and
“(c) Non-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant’s commission thereof.” (Emphasis added.)

. "§ 240.20 Indictment; joinder of defendants and consolidation of indictments against different defendants. 1. Except to the extent protected by court order, upon a demand to produce by a defendant against whom an indictment, superior court information, prosecutor’s information or information is pending, the prosecutor shall disclose to the defendant and make available for inspection, photographing, copying or testing”. (Emphasis added.)