OPINION OF THE COURT
Nicholas L. Pitaro, J.
This case is before the court for a decision on the defendant’s motion to preclude the People from offering evidence based upon an alleged failure to comply with a demand for *65 discovery and Rosario material and a court order granting a bill of particulars. With respect to the motion, the court makes the following findings of fact and conclusions of law.
FINDINGS OF FACT
On May 23, 1980, a demand was served on the District Attorney by the defendant’s attorney requesting various items of discovery and Rosario material. On May 29, 1980, an omnibus motion was served by the defendant. Included therein were two items which were also covered by demand notice item (b). On June 17, 1980, a decision was rendered on the motion by the court. That decision granted a bill of particulars, but denied the motion for discovery and inspection “insofar as the proper vehicle for such requests is through a demand for discovery upon the District Attorney pursuant to revised Article 240 of the Criminal Procedure Law.”
On July 17, 1980, the instant motion to preclude was served, alleging noncompliance with the demand notice of May 23,1980 and noncompliance with the court-ordered bill of particulars of June 17,1980. The People’s response to the motion to preclude was served on July 22, 1980. This reply affirmation conceded, “The People have not, in fact, responded to date with the demand of the defendant which was received on May 23,1980.” The People contended that their failure to reply to the demand was due to confusion engendered by the service of the motion for discovery six days after the demand. The People further contended that they had a reasonable time within which to respond to the order for the bill of particulars. The affirmation included the responses of the People to the demand notice as well as the order for the bill of particulars. This response was some 60 days after service of the demand and some 35 days after entry of the order for the bill of particulars.
CONCLUSIONS OF LAW
No motion to preclude may lie for a demand for Rosario material made well in advance of trial, insofar as CPL 240.45 mandates that such matter is only to be made available at trial. Therefore, the motion to preclude insofar as Rosario material is concerned must be denied.
*66 This case involves a prosecution for assault in the third degree and harassment on the complaint of a police officer. A supporting deposition filed pursuant to CPL 100.20 by the civilian complainant alleged to have been assaulted, resulted in a conversion of the misdemeanor complaint to an information under CPL 170.65 (subd 1). The case was therefore a proper one for a demand for discovery since it was a prosecution by information as required by CPL 240.20 (subd 1). The demand notice for discovery contained four requests which followed almost verbatim CPL 240.20 (subd 1, pars [a], [c], [e], [g]). Clearly, the requests were “property” covered by CPL article 240.
CPL 240.80 is controlling in this case. In pertinent part it states:
“2. A refusal to comply with a demand to produce shall be made within ten days of the service of the demand to produce, but for good cause may be made thereafter.
“3. Absent a refusal to comply with a demand to produce, compliance with such demand shall be made within twenty days of the service of the demand or as soon thereafter as is practicable.”
By their own admission, the People failed to comply with the statutory time periods outlined above. However, the People cite confusion over the defendant’s motion practice as the rationale for their noncompliance. While the argument is weak, it does have limited merit to the extent that it points up a problem too frequently encountered in administering the new discovery procedure.
The consistent position of this court has been that there is no longer a vehicle known as a “motion for Discovery and Inspection” in the first instance. The proper vehicle is by demand within 45 days of arraignment. That was the position taken by the court in its June 17, 1980 decision on the omnibus motion submitted in this case. The reasoning behind defense counsel’s duplicating his discovery demand in his omnibus motion escapes review by this forum. However, the argument raised by the People does point up the problems such duplicative practice might engender.
On balance, however, the court is constrained to re *67 ject the People’s confusion argument as “good cause” for their noncompliance. The record reflects a timely service of a demand and a service of motions six days later. The motion did not contain all of the requests contained in the earlier demand notice. Even assuming, arguendo, that the People were legitimately confused, they still had a duty to respond to the items not duplicated in the motion. Further, CPL article 240 provides the People with an opportunity to file a refusal to comply within 10 days of service of the demand, or to apply to the court for a protective order. (CPL 240.35, 240.50.) Neither option was utilized. Instead, the People failed to act until the instant motion to preclude was filed.
In determining whether the preclusion remedy should be granted, the court must weigh several factors. “Foremost among these is the purpose of the legislative action to broaden pretrial discovery, to define the issues early in the proceedings so as to expedite case processing.” (People v Brown, 104 Misc 2d 157, 164.)
Clearly a 60-day delay in compliance in a case mandating compliance within 20 days is unconscionable. (This is particularly true in light of speedy trial requirements for a trial within 90 days on a class A misdemeanor under CPL 30.30.) Therefore, this court is constrained to grant the motion to preclude on the requested items for discovery.
With regard to the motion to preclude for failure to comply with the order for a bill of particulars, the People are correct in contending that compliance is only required within a reasonable time. However, 35 days for supplying the information covered by the bill is not reasonable in this case. Further, the bill finally filed by the People contains scant compliance at best, and a successful motion to preclude might lie on other than time limitation grounds. Therefore, the motion to preclude on the bill of particulars is hereby granted, as well.
Order entered accordingly, granting preclusion on items covered by the defendant’s demand for discovery of May 23, 1980 and the court’s order of June 17, 1980 granting a bill of particulars. Motion denied as to preclusion on demand for Rosario material.
*68 Following this court’s decision of August 1, 1980 (104 Misc 2d 157) precluding the District Attorney for failure to comply with defendant’s demand for discovery and for failure to comply with a June 17, 1980 court order granting a bill of particulars, two motions were made. The defendant moved to dismiss the information pursuant to CPL 170.30, based upon an alleged legal impediment to prosecution (the court-ordered preclusion). The People moved to reargue that portion of the August 1 decision of this court precluding the People on matter covered by the bill of particulars. This court granted leave to reargue and both sides submitted papers. After careful consideration, this court makes the following conclusions of law with respect to the two pending motions.
CONCLUSIONS OF LAW
The controlling statute dealing with bills of particulars in criminal cases is CPL 200.90, which is made applicable to prosecutions of misdemeanor informations through CPL 100.45 (subd 4). Prior to its enactment in 1971, bills of particulars were granted based upon common law and the authority of the Civil Practice Law and Rules. In reargument, the People contend that the remedies permitted under CPL 200.90 are exclusive and that preclusion is not an available remedy. CPL 200.90 was amended in 1979, in pertinent part, as follows:
“5. Upon an order granting a motion pursuant to this section, the district attorney must file with the court a bill of particulars, reciting every item of information designated in the order, and serve a copy thereof upon the defendant. * Pending such filing and service, the proceedings are stayed.
“6. At any time before trial the court must, and at any time during trial the court may, upon application of the people and with notice to the defendant and opportunity to be heard, order the amendment of a bill of particulars. Upon permitting such an amendment the court must, upon application of the defendant, order any adjournment of the pro *69 ceedings or other appropriate action which may, by reason of such amendment, be necessary to accord the defendant adequate opportunity to defend.” (Emphasis added.)
The People assert that staying the proceedings and/or amendment are the sole remedies available to a Criminal Court in the event of noncompliance with a court order for a bill of particulars.
I. PRECLUSION IS AN AVAILABLE REMEDY
The People’s assertions are persuasive, but are incomplete as illustrated by the case at bar. This case does not lie squarely within the available remedy of CPL 200.90 (subd 5), staying the proceedings, insofar as a bill was filed, but filed beyond what, in this case, could be considered a “reasonable time” (35 days from service of the order). Therefore, staying the proceedings was inappropriate. The bill filed by the People provided “scant compliance” with the order for disclosure at best. Yet, since no motion to amend was made by the People, CPL 200.90 (subd 6) was not an available remedy in this case. (CPL 200.90 [subd 6] provides for a motion to amend to be made by the People. It does not provide that leave to amend can be granted sua sponte by the court.)
The supplementary practice commentaries to the 1979 revision of CPL 200.90 by Joseph W. Bellacosa (McKinney’s Cons Laws of NY, Book 11 A, 1972-1979 Supplementary Pamphlet, CPL, p 153) states that “[s]ub-division 6 is designed to permit subsequent amendments so as to preclude preclusions.” However, that commentary would be limited to the instance where the People exhibit a willingness to amend. Where no willingness to amend exists, resort to preclusion would be permissible under the basic rule that where no remedy exists under the CPL, resort may be had to the CPLR.
The Civil Practice Law and Rules deals with the filing and service of bills of particulars in CPLR 3042. CPLR 3042 (subd [c]) provides for a preclusion remedy for failure to serve a bill, while CPLR 3042 (subd [d]) provides for preclusion for a defective bill. Since the remedies of *70 CPL 200.90 (subds 5, 6) were not found to be adequate to the needs of the case at bar, this court granted preclusion under CPLR 3042.
II. PREFERABLE REMEDY IN THIS CASE
On reconsideration, however, this court is willing to modify its order. Upon re-examination of CPL 200.90, it appears that a preferable remedy to preclusion would be to stay the proceedings pending service of the bill. With regard to service of a defective bill, in the instant case, the People are now showing a willingness to amend the bill if leave to do so is granted. In light of that fact, and in the interests of justice, this court hereby modifies its decision of August 1, 1980 to the following extent:
The unconditional order precluding the People from introducing evidence at trial of matter covered by the court-ordered bill of particulars is vacated. The People are hereby granted leave to amend the bill of particulars to comply with the order of the court dated June 17,1980. The motion of the defendant to preclude the People from introducing matter covered by the court-ordered bill of particulars is granted unless the People serve a properly amended bill within 15 days from the date of the service of this order.
In all other respects, the August 1, 1980 decision of this court stands.