■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARON EASTER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered October 12, 1989, convicting him of robbery in the first degree and assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction for assault in the first degree, vacating the sentence imposed thereon and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The Trial Judge did not improvidently exercise his discretion in denying a challenge for cause to a venireman who suggested that he would scrutinize the defendant's testimony more closely because of the defendant's obvious interest in the outcome of this case. While the better course is generally to grant a challenge for cause when there is any doubt as to the juror's impartiality (see, People v Culhane, 33 NY2d 90, 108, n 3), the venireman assured the court that this calculation would be just one element in his assessment of the defendant's testimony, and upon further inquiry showed no state of mind likely to preclude him from rendering an impartial verdict (see, CPL 270.20 [1] [b]; People v Williams, 63 NY2d 882, 885).

Errors in the trial court's evidentiary rulings were largely unpreserved for appellate review (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245, 248-252). The defendant had been assaulted immediately before his arrest, and his statement to the arresting officer when asked who had attacked him ("Don't worry, I'll take care of it") was inadmissible on relevancy grounds, not because it was an admission for which no notice had been given under CPL 710.30. This error was harmless, however, as the statement was neither incriminating nor prejudicial. There was no error, however, in the prosecutor's questioning of a defense witness as to his failure to come forward with the evidence offered at trial, for a sufficient foundation had been laid (see, People v Dawson, 50 NY2d 311, 321). Moreover, the expanded identification charge (see, People v Daniels, 88 AD2d 392), was properly related to the facts of the case.

The People concede, and we agree, that assault in the first degree under Penal Law § 120.10 (4) was a lesser-included offense of robbery in the first degree under Penal Law § 160.15 (1), and those counts should have been submitted in the alternative (see, People v Leary, 146 AD2d 551). Accordingly, we reverse the conviction for assault in the first degree, vacate

the sentence imposed thereon, and dismiss that count of the indictment.

The defendant's remaining contentions are without merit. Thompson, J. P., Harwood, Rosenblatt and Eiber, JJ., concur.