■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PERFIDIO PAGAN, Appellant. [595 NYS2d 486] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered March 20, 1991, convicting him of burglary in the second degree, criminal trespass in the third degree, and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues, among other things, that the trial court improperly denied his challenges for cause as to four prospective jurors. During the voir dire of prospective jurors, the defendant challenged two of the jurors as unqualified (CPL 270.20 [1] [b]); one as incompetent and another because he was visually impaired. The defendant challenged two others as biased (CPL 270.20 [1] [b]); one because his home had been previously burglarized, and the other because he initially stated that he would give greater consideration to police officers' testimony than he would give to other witnesses.

With respect to the juror who stated that he thought police officers' testimony was entitled to greater consideration than other witnesses, although the defendant had a peremptory challenge remaining, he chose not to exercise such a challenge as to that juror. Therefore, the defendant has waived any claim with respect to this juror *(see,* CPL 270.20 [2]; *People v Foster,* 100 AD2d 200, 205).

Furthermore, we find that the trial court did not err in denying the defendant's challenges to the other jurors. The determination as to whether a prospective juror can provide reasonable jury service in a given case is left largely to the discretion of the trial court, which can question and observe

the prospective juror during voir dire *(People v Williams,* 63 NY2d 882, 885). Examination of the record does not establish that the juror challenged as incompetent could not "understand all of the evidence presented, evaluate that evidence in a rational manner, communicate effectively with the other jurors during deliberations, and comprehend the applicable legal principles, as instructed by the court" *(People v Guzman,* 76 NY2d 1, 5). With respect to the prospective juror challenged as visually impaired, although we recognize that sight is a factor in testing the credibility of a witness *(see, Matter of Lewinson v Crews,* 28 AD2d 111, *affd* 21 NY2d 898), we reject the defendant's contention that the juror would be unable to properly evaluate the credibility of the witnesses. "The factors that each juror will rely on to evaluate the trustworthiness of a statement will be a function of that juror's experience" *(People v Guzman, supra,* at 6). Finally, it was not error to deny the challenge to the prospective juror who initially did not guarantee that the fact that he had been a burglary victim would not influence him in this case, since he ultimately assured the court that he could be objective and make a judgment from the evidence alone *(see, People v Whitmore,* 177 AD2d 525; *see also, People v Williams,* 63 NY2d 882, 884-885, *supra).*

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to prove the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have considered the defendant's remaining contention and find it to be without merit *(see, People v Velasco,* 77 NY2d 469). Thompson, J. P., Rosenblatt, Eiber and Miller, JJ., concur.