■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGARDO RAMOS, Appellant. [602 NYS2d 109] —Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered September 17, 1991, convicting defendant, after jury trial, of attempted robbery in the second degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

The trial court properly denied defendant's application that

a prospective juror (eventually excused by defendant's exercise of a peremptory challenge) be excused for cause after he expressed a "gut feeling" that personal experiences had some bearing on his initial view of defendant. After extended inquiry, during which the prospective juror stated repeatedly that he would base any decision herein on the law and facts, the trial court appropriately found that there existed no substantial risk that, if chosen as a juror on this case, the prospective juror's predispositions would affect his ability to discharge his responsibilities (People v Williams, 63 NY2d 882, 885).

Evidence at trial was that defendant approached the complainant (who was standing on a subway platform next to his two bags of groceries), put a fist to his side and demanded that the complainant hand over his property. When the complainant refused, angry words were exchanged and defendant delivered a punch. During the ensuing fistfight, the complainant suffered injury requiring six stitches in his head. This evidence, viewed in the light most favorable to the People and giving them the benefit of every reasonable inference (People v Malizia, 62 NY2d 755, cert denied 469 US 932), fully supports the jury's determination that defendant attempted to forcibly steal property from the complainant and in the course of the commission of the crime or of immediate flight therefrom he caused physical injury to the complainant (Penal Law §§ 110, 160.10 [2] [a]). Defendant's argument that the complainant's injury resulted from defendant's physical response to the complainant's angry words ignores the fact that the complainant's angry words constituted a defensive response to defendant's announced intention to rob him. Concur—Sullivan, J. P., Carro, Kupferman and Nardelli, JJ.