■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERROLL CAMPBELL, Appellant. [628 NYS2d 387] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered June 25, 1993, as amended October 20, 1993, convicting him of grand larceny in the fourth degree and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment, as amended, is affirmed.

The trial court did not improvidently exercise its discretion by denying the defendant's challenge for cause of a prospective juror. The record fails to support the defendant's contention that the prospective juror's predisposition stemming from the burglary of her home four years earlier created a "substantial risk" that she would be unable to discharge her responsibilities as a juror *(see, People v Williams,* 63 NY2d 882; *People v Pagan,* 191 AD2d 651; *People v Ramos,* 196 AD2d 787; CPL 270.20 [1] [b]).

In addition, no reversible error took place by the People's introduction of rebuttal testimony concerning the appearance of the complainant's injuries. That testimony was relevant to an issue in the trial inasmuch as it was inconsistent with the defendant's proffered explanation of how the complainant sustained her injuries *(see, People v Cade,* 73 NY2d 904; *People v Pavao,* 59 NY2d 282; *People v Harris,* 57 NY2d 335, *cert denied* 460 US 1047; *People v Wise,* 46 NY2d 321; *People v Schwartzman,* 24 NY2d 241, *cert denied* 396 US 846; Richardson, Evidence §§ 491, 517 [Prince 10th ed]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. O'Brien, J. P., Ritter, Copertino and Krausman, JJ., concur.