■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG MIDDLETON, Appellant. [631 NYS2d 837] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered September 22, 1993, convicting defendant, after a jury trial, of robbery in the first degree and sentencing him to a term of 2 to 6 years, unanimously affirmed.

Defendant's challenge to a venireperson for cause was properly disallowed. Defendant was accused of accosting the complainant and her infant daughter in an elevator at knifepoint, and stealing her jewelry. During voir dire of the panel, the venireperson in question brought to the court's attention that her daughter had been accosted in an elevator and then raped at knifepoint in her home, but, during subsequent individual questioning, when the dissimilarities between the present crime, in which no one was injured, and her daughter's rape became apparent to her, the venireperson became increasingly unequivocal that she could and would deliberate impartially. In determining whether there was a substantial risk of bias (*see, People v Williams*, 63 NY2d 882, 885), we defer to the trial court's ability to observe the responses and demeanor of the venireperson (*People v Guzman*, 76 NY2d 1, 5) and find no basis to conclude, on the basis of the totality of the venireperson's responses, that her ability to be impartial was in doubt (*cf., People v Blyden*, 55 NY2d 73, 78-79). Defendant's postverdict claim that the in-court behavior of the complainant's child prejudiced the jury was jurisdictionally defective because not made in writing (CPL 330.30 [2]; 330.40 [2]), and also insufficient to preserve for review an issue that should have been raised during the trial (*People v Padro*, 75 NY2d 820). In any event, giving due deference to the observations and recall of the trial court, we find that defendant was not deprived of a fair trial by the behavior in question. Most of defendant's challenges to the prosecutor's cross-examination and summation are unpreserved and the rest do not warrant reversal. Concur—Murphy, P. J., Wallach, Ross, Nardelli and Tom, JJ.