■ The People of the State of New York, Respondent, v CALVIN JOHNSON, Appellant. [632 NYS2d 113] —Judgment, Supreme Court, New York County (Alfred Donati, J.), rendered December 8, 1993, convicting defendant, after a jury trial, of burglary in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

The trial court properly exercised its discretion in denying

defendant's application to excuse a prospective juror for cause (*see, People v Williams*, 63 NY2d 882, 885; *People v Pagan*, 191 AD2d 651, 651-652). Although the juror, who managed a retail store in the neighborhood of defendant's arrest, stated during voir dire that it "seemed" to her that she recognized defendant, the record is devoid of any indication that she had ever actually encountered him at any time. There is only speculation that she did because she manages a business near where he was arrested, he is a homeless person who frequented the area, and she "had quite a few [homeless] people arrested" because of "a lot of problems" she had with them at her store. But, "[i]n virtually all of the cases decided by [the Court of Appeals] where a prospective juror has been challenged for cause based upon an actual bias, the challenge has been premised on the juror having expressed an opinion as to the guilt of the defendant for the charges being tried" (*People v Torpey*, 63 NY2d 361, 366). Although the existence of actual bias can be the product of a prospective juror having formed "an unfavorable impression of the defendant" through, for example "having heard or read about him in a context apart from the specific crimes for which he is being tried", or being "prejudiced against a minority group of which the defendant is a member" (*supra*, at 366), not every predisposition toward bias, of which there is no indication whatever herein, subjects a potential juror to disqualification *(supra*, at 367, citing *People v Williams, supra*). Here, the prospective juror never expressed an opinion as to defendant's guilt, and there is no hint that she had any preexisting impressions of him that would have compromised her impartiality.

Defendant's contention that the court delivered an erroneous charge with respect to burglary in the third degree is unpreserved for appellate review as a matter of law (CPL 470.05; *People v Jackson*, 76 NY2d 908), defendant having expressed satisfaction with the charge before it was delivered, and having specifically requested the additional instructions on the subject of unlawful remaining. In any event, the evidence was sufficient to support the prosecution's theory that defendant's entry into the store's basement was unlawful, justifying a charge on unlawful entry as well as unlawful remaining, and distinguishing this case from *People v Gaines* (74 NY2d 358), relied upon by defendant. We find no abuse of sentencing discretion or merit to defendant's other contentions. Concur— Murphy, P. J., Rubin, Kupferman and Williams, JJ.