■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT KING, Appellant. [634 NYS2d 126] —Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered June 11, 1993, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The court did not err by denying the defendant's challenge for cause of a prospective juror. The record does not support a finding that the prospective juror possessed a "state of mind that [was] likely to preclude [her] from rendering an impartial verdict based upon the evidence adduced at trial" (CPL 270.20 [1] [b]), or that there was a "substantial risk" that she would be unable to discharge her responsibilities as a juror *(see, People v Campbell,* 216 AD2d 482; *People v Pagan,* 191 AD2d 651; *People v Whitmore,* 177 AD2d 525).

Nor was it error for the court to admit into evidence a marked copy of an enlargement of the defendant's fingerprints. Although this enlargement should have been disclosed to the defendant prior to trial, the court's "refusal to impose 'the extreme sanction of preclusion [which] is warranted only where

undue prejudice will result from the failure to [timely] produce' *(People v Kehn,* 109 AD2d 912, 914, citing *People v Brown,* 104 Misc 2d 157, 163-165; *see,* CPL 240.70 [1]), was within the court's sound discretion *(see, People v Kelly,* 62 NY2d 516, 521)" *(People v Johnstone,* 131 AD2d 782).

The defendant's remaining contentions are without merit. Thompson, J. P., Joy, Goldstein and Florio, JJ., concur.