■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERROLD MADISON, Appellant. [646 NYS2d 183] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered October 11, 1994, convicting him of robbery in the second degree, sexual abuse in the first degree (two counts), assault in the second degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the court erred in denying his challenge for cause of a juror who reported that his girlfriend had been the victim of a rape. Inasmuch as the defendant was facing charges including sexual assault, he maintains that his challenge should have been granted. We disagree.

A challenge to a prospective juror on the ground that the juror has a state of mind that is likely to preclude the juror from rendering an impartial verdict should only be granted if there is a substantial risk that the juror's state of mind will affect his or her ability to discharge his or her responsibilities, a determination which is within the discretion of the trial court with its peculiar opportunities to evaluate the prospective jurors during voir dire (*see, People v Williams,* 63 NY2d 882; *People v Davis,* 221 AD2d 653; *People v Campbell,* 216 AD2d

482). Here, the court recalled the challenged juror's off-the-record statement that he could be fair. The defense counsel did not contradict or question the court's recollection. Moreover, the prospective juror's status as the boyfriend of a rape victim did not automatically pose a "substantial risk" that his state of mind would affect his ability to serve as a juror (*see, e.g., People v De La Cruz,* 223 AD2d 961; *People v Campbell, supra; People v Pagan,* 191 AD2d 651). Rather in the instant case, the prospective juror did not manifestly indicate partiality. Therefore, denial of the challenge for cause was a proper exercise of discretion (*see, People v Smyers,* 167 AD2d 773, 774).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Ritter, Santucci and Altman, JJ., concur.