■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGELIO REYES, Appellant. [681 NYS2d 241] —Judgment, Supreme Court, New York County (Michael Gross, J.), rendered April 2, 1997, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Defendant's participation in the sale was amply demonstrated by evidence that after ascertaining that the undercover officer wished to purchase heroin, defendant accompanied the officer to defendant's accomplice who stood about 100 feet away, conveyed the officer's order to the accomplice, waited while the accomplice asked the officer whether he was a police officer, walked back with the men, stood watch while the accomplice consummated the sale 15 feet away and then, shortly after speaking with the accomplice, identified a ghost officer as a police officer.

The court properly exercised its discretion in denying

defendant's challenges for cause as to two prospective jurors who expressed reservations about drug dealing and/or defendant's criminal history. Defendant's claim that the court was obligated to elicit unequivocal declarations of impartiality from these prospective jurors is unpreserved and we decline to review it in the interest of justice. Were we to review this contention, we would find that the overall responses of each of these venire persons negated any substantial risk of bias (*see, People v Williams*, 63 NY2d 882, 885; *People v Middleton*, 220 AD2d 202, *lv denied* 87 NY2d 848). Concur—Sullivan, J. P., Nardelli, Williams and Mazzarelli, JJ.