■ The People of the State of New York, Respondent, v Ronial Moon, Also Known as Eswick Been, Appellant. [682 NYS2d 133] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered July 28, 1997, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

The verdict was based on legally sufficient evidence. The People did not rely on incompetent hearsay evidence to prove that defendant possessed at least 500 milligrams of cocaine. "[T]he police chemist's reliance on a colleague's test results was proper for evidentiary purposes because the colleague's findings were of a kind accepted in the profession as reliable (see, People v Jones, 73 NY2d 427, 430)" (People v Rosario, 179 AD2d 554, lv denied 79 NY2d 1007; see also, People v Green, 215 AD2d 141, lv denied 86 NY2d 735) and the technical or scientific basis for the testifying expert's conclusion was not required to be presented as part of the People's direct case (Romano v Stanley, 90 NY2d 444, 451). This admissible evidence was legally sufficient to establish defendant's possession of the statutorily required quantity of cocaine.

Defendant's argument regarding the court's instructions to the jury concerning the weighing of the expert's testimony is not preserved for appellate review and we decline to review it in the interest of justice. Were we to review this claim, we would find that, when viewed as a whole, the court's charge conveyed the correct legal standard.

Although initially hesitant, the totality of the prospective juror's responses clearly established her impartiality warranting denial of defendant's for cause challenge (People v Middleton, 220 AD2d 202, lv denied 87 NY2d 848). Defendant's cur-

rent claim that an expurgatory oath was required is not preserved for appellate review and we decline to review it in the interest of justice. Were we to review such claim, we would find that there was no evidence of actual bias requiring such an unequivocal statement. Concur—Ellerin, J. P., Nardelli, Williams and Andrias, JJ.