■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK DEGUERO, Appellant. [696 NYS2d 15] —Judgment, Supreme Court, New York County (Marcy Kahn, J.), rendered July 24, 1997, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years and 1 year, respectively, unanimously affirmed.

Defendant's challenge for cause to a prospective juror was properly denied. Defendant's claim that the court should have obtained an expurgatory oath or conducted clarifying inquiries before seating the challenged juror is unpreserved for review (People v Moon, 256 AD2d 24, lv denied 93 NY2d 901; People v Reyes, 255 AD2d 228, lv denied 93 NY2d 878), and we decline to review it in the interest of justice. Were we to review the issue, we would find that although the prospective juror expressed strong positive feelings about the tactics used by police in drug arrests, her prior responses established that she would be impartial and would follow the court's instructions on the law (see, People v Allen, 257 AD2d 397, lv denied 93 NY2d 850; People v Middleton, 220 AD2d 202, lv denied 87 NY2d 848).

The court did not err in declining to charge the affirmative defense of entrapment. The evidence, viewed most favorably to defendant, failed to support such defense (see, Penal Law § 40.05; People v Brown, 82 NY2d 869). Concur—Rosenberger, J. P., Williams, Rubin, Saxe and Buckley, JJ.