■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN LAVERPOOL, Appellant. [700 NYS2d 139] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered August 13, 1997, convicting defendant, after a jury trial, of murder in the second degree, manslaughter in the first degree and two counts of assault in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of

25 years to life and 12½ to 25 years on the murder and manslaughter convictions, respectively, and to terms of 3½ to 7 years on the assault convictions, to run consecutively to each other and to the terms imposed on the murder and manslaughter convictions, unanimously modified, on the law, to direct that the sentences on the assault convictions be served concurrently with the sentences on the murder and manslaughter convictions, and otherwise affirmed.

The court properly exercised its discretion in denying defendant's challenge for cause to a prospective juror who stated that she was familiar with the issue of domestic violence and who, in response to the court's question as to whether she would have a problem acquitting defendant if the People failed to prove his guilt beyond a reasonable doubt, stated "I hope not". Since defendant failed to specifically challenge this prospective juror on the grounds now asserted on appeal, to wit, that she was biased and that an expurgatory oath was required, these claims have not been preserved for appellate review (*see, People v Moon*, 256 AD2d 24, *lv denied* 93 NY2d 901; *People v Reyes*, 255 AD2d 228, *lv denied* 93 NY2d 878), and we decline to review them in the interest of justice. Were we to review such claims, we would find that the record reveals that the prospective juror in question did not express any kind of bias, but instead merely mentioned her background in the interest of full disclosure. The court properly determined that the prospective juror could be fair and impartial (*see, People v Williams*, 63 NY2d 882, 885; *People v Moon, supra*; *People v Washington*, 254 AD2d 148, *lv denied* 92 NY2d 1040).

Since there was a history of prior hostility and conflict between defendant and the deceased, the court properly exercised its discretion in admitting evidence of defendant's prior bad acts or uncharged crimes on the issue of identity. Contrary to defendant's argument, a pattern of crimes employing a unique modus operandi is not the exclusive situation in which uncharged crimes may be probative of identity (*see, People v Carter*, 77 NY2d 95, 107, *cert denied* 499 US 967). The background information admitted in this case was highly probative of identity because of the increasingly acrimonious relationship between the parties, and the probative value of the evidence exceeded its potential for prejudice (*see, People v Bonilla*, 251 AD2d 82, *lv denied* 92 NY2d 893; *People v O'Gara*, 239 AD2d 215, *lv denied* 90 NY2d 861). Moreover, the court's instructions to the jury regarding the limited purpose of the evidence avoided any prejudicial effect.

As the People correctly concede, the judgment must be modi-

fied to run the sentences for the assault convictions concurrently with the sentences for the murder and manslaughter convictions, since the latter crimes were the underlying felonies for the assault convictions. We see no reason to modify the sentences further. Concur—Sullivan, J. P., Nardelli, Wallach, Saxe and Friedman, JJ.