■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL TORRES, Appellant. [728 NYS2d 403] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered April 14, 1993, convicting him of rape in the first degree (two counts) and sexual abuse in the first degree (six counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant has not preserved for appellate review his claim that the prosecutor's comments during summation were unfair (see, CPL 470.05). In any event, the comments were either responsive to the defense counsel's summation (see, People v Galloway, 54 NY2d 396), within the bounds of permissible rhetorical comment, or were fair comment on the evidence (see, People v Ashwal, 39 NY2d 105; People v Turner, 214 AD2d 594).

Similarly without merit is the defendant's contention that the trial court failed to properly respond to notes from the jury which requested readbacks of testimony. Under the circumstances, it cannot be said that the trial court did not meaningfully respond to the jury's request (*see, People v Malloy,* 55 NY2d 296, *cert denied* 459 US 847; *People v Latchman,* 251 AD2d 683).

The trial court providently exercised its discretion in denying the defendant's challenge for cause to a prospective juror as it was not shown that there was a substantial risk that the prospective juror could not be impartial (*see, People v Arnold,* 96 NY2d 358; *People v Johnson,* 94 NY2d 600; *People v Williams,* 63 NY2d 882; *People v Pagan,* 191 AD2d 651). The trial court also properly determined that the defendant failed to make a prima facie showing that the prosecutor exercised peremptory challenges in a discriminatory manner (*see, Batson v Kentucky,* 476 US 79). The fact that five of the prosecutor's seven challenges were exercised against men does not, without more, establish a prima facie case (*see, People v Jenkins,* 84 NY2d 1001; *People v Harrison,* 272 AD2d 554; *People v Rodriguez,* 272 AD2d 482).

The defendant's remaining contentions are without merit. Santucci, J. P., Goldstein, Florio and Crane, JJ., concur.