■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY SMITH, Also Known as GERALD SMITH, Appellant. [746 NYS2d 723]

During jury selection, a prospective juror, who had testified to having a friendship with a police officer, expressed apprehension at defense counsel's stated objective· "to prove * * * that the police lied." Counsel responded, "I don't have to prove anything to you," and indicated his intention to demonstrate that "the people have not proven their case beyond a reasonable doubt because of the credibility of the witnesses that they presented." When counsel suggested, "You have a problem with that, don't you?", the prospective juror responded, "A little bit."

After counsel indicated that he was challenging the prospective juror for cause, the court stated, "All right, he did in fact say that he could or would be, so that's a cause challenge." The court then inquired as to peremptory challenges, asking defense counsel specifically if he wished to challenge the same prospective juror peremptorily. Counsel then inquired whether his challenge for cause had been granted, to which the court responded in the negative. Counsel immediately stated his "exception," exercising a peremptory challenge and subsequently exhausting his remaining challenges.

The People argue that by failing to specifically object to the denial of the challenge, to explain why the prospective juror should be excused or to request that the court administer an expurgatory oath, the issue has not been preserved for review (*see, People v Laverpool*, 267 AD2d 93, 94, *lv denied* 94 NY2d 904; *People v Deguero*, 264 AD2d 660, *lv denied* 94 NY2d 821). However, the court appeared to have granted the challenge for cause and, upon clarification of its ruling, counsel immediately registered his exception. Under the unusual circumstances of this case, we find the question sufficiently preserved for our review.

Pursuant to Criminal Procedure Law § 270.20 (1) (b), the court has an obligation to "require the prospective juror to 'expressly state that his prior state of mind * * * will not influence his verdict, and * * * that he will render an impartial verdict based solely on the evidence'" (*People v Hausman*, 285 AD2d 352, 355, *lv denied* 97 NY2d 656 [quoting *People v Thigpen*, 277 AD2d 261]). In the absence of an unequivocal assurance of impartiality from the juror (*People v Arnold*, 96 NY2d

358, 363), he should not be permitted to serve. "If there is any doubt about a prospective juror's impartiality, trial courts should err on the side of excusing the juror, since at worst the court will have 'replaced one impartial juror with another' " (*People v Arnold*, *supra* at 362, quoting *People v Culhane*, 33 NY2d 90, 108 n 3). Concur—Andrias, J.P., Rosenberger, Wallach, Rubin and Gonzalez, JJ.