■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE NORRIS, Appellant. [756 NYS2d 60] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lott, J.), rendered April 18, 2000, convicting him of murder in the second degree and robbery in the first degree (four counts), upon a jury verdict, and sentencing him to an indeterminate term of 25 years to life imprisonment on the conviction of murder in the second degree, to run consecutively to a determinate term of 10 years imprisonment imposed on the conviction of robbery in the first degree with respect to the complainant Robinson, and concurrent determinate terms of 10 years imprisonment on the remaining three convictions of robbery in the first degree, to run concurrently with the term of imprisonment imposed on the conviction of robbery in the first degree with respect to the complainant Robinson.

Ordered that the judgment is modified, on the law, by directing that the sentences shall all run concurrently with each other; as so modified, the judgment is affirmed.

The defendant was convicted of felony murder and four counts of robbery in the first degree for crimes committed at a

social club in Brooklyn. The defendant, a regular patron of the social club, admitted his accomplices to the club. The evidence against the defendant included identifications of his voice as that of the person who participated with the accomplices in the crime.

During deliberations, the jury requested to hear the direct and cross-examination testimony of two witnesses regarding their recognition of the defendant's voice. Contrary to the defendant's contention, the trial court meaningfully responded to the request (*see People v Malloy,* 55 NY2d 296, *cert denied* 459 US 847; *People v Deoleo,* 295 AD2d 623, *lv denied* 98 NY2d 767; *People v Torres,* 285 AD2d 658, 659).

The People correctly concede that the Supreme Court improperly directed that the term of imprisonment imposed on the conviction of robbery in the first degree with respect to the complainant Robinson run consecutively to the term of imprisonment on the conviction of felony murder (*see People v Parks,* 95 NY2d 811, 814). Accordingly, we modify the judgment to direct that all of the sentences run concurrently with each other.

The People's contention that "by specifying that the sentence on the robbery count relating to * * * Robinson was to run consecutively to the sentence on the murder count, the court necessarily specified that the sentence on that robbery count was also to run consecutively to the sentences on the other three robbery counts" is without merit (*see* Penal Law § 70.25 [1] [a]). The People's request for affirmative relief on this issue is not properly before this Court (*see* CPL 470.15 [1]). Santucci, J.P., O'Brien, Goldstein and Cozier, JJ., concur.