■ The People of the State of New York, Respondent, v Darrel Felder, Appellant. [757 NYS2d 30] —Judgment, Supreme Court, New York County (Michael Obus, J.), rendered December 15, 1999, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The court properly denied defendant's challenge for cause, since the prospective juror's voir dire responses, viewed as a whole, did not cast any doubt on his ability to reach a fair and impartial verdict (*see People v Chambers*, 97 NY2d 417 [2002]; *People v Arnold*, 96 NY2d 358 [2001]). As the responses showed, the panelist's negative experiences and attitudes with respect to drug use in general would not affect his impartiality, especially since he expressly stated that he could put them aside (*see People v Williams*, 63 NY2d 882, 885 [1984]). Understandably, defendant would not want a juror with such life experiences and views to sit in judgment of his guilt or innocence. In its wisdom, the Legislature has provided for peremptory challenges, long a staple of the common-law jury system, which are available for just such a situation. Indeed, this case serves as an apt illustration of the continuing utility of such challenges. Concur—Mazzarelli, J.P., Saxe, Sullivan, Ellerin and Gonzalez, JJ.