■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MOLLER, Appellant. [773 NYS2d 590]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Ort, J.), rendered July 1, 2002, convicting him of attempted assault in the first degree, assault in the second degree, criminal use of a firearm in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is modified, on the law, by vacating the conviction of criminal use of a firearm in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see *People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of attempted assault in the first degree, assault in the second degree, and reckless endangerment in the first degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt with respect to

those charges was not against the weight of the evidence (*see* CPL 470.15 [5]).

We agree with the hearing court that the warrantless search of the defendant's home was justified by exigent circumstances (*see People v Burr,* 70 NY2d 354, 360-361 [1987], *cert denied* 485 US 989 [1988]), and that the defendant knowingly and voluntarily waived his *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]) prior to being questioned by the police (*see People v Husbands,* 171 AD2d 756 [1991]).

The trial court properly determined that the defendant failed to make a prima facie showing of gender-based discriminatory peremptory challenges (*see People v Torres,* 285 AD2d 658, 659 [2001]). Moreover, we reject the defendant's contention that the trial court improperly permitted the prosecution to impeach its own witness, the defendant's wife, with prior contradictory statements she made in her testimony before the grand jury, and statements to the police (*see People v Whitfield,* 152 AD2d 998, 999 [1989]).

As the prosecution correctly concedes, the crime of criminal use of a firearm in the second degree was improperly charged as a lesser-included offense of criminal use of a firearm in the first degree (*see* Penal Law §§ 265.08, 265.09). Accordingly, we vacate the conviction and sentence on the count of criminal use of a firearm in the second degree, and dismiss that count of the indictment.

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Santucci, J.P., Krausman, Luciano and Townes, JJ., concur.