<partyblock>

The People of the State of New York,

against

Johnny Blanding, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Anthony J. Ferrara, J.), rendered April 16, 2013, after a nonjury trial, convicting him of attempted criminal possession of a controlled substance in the seventh degree and begging within ten feet of an automated teller machine, and imposing sentence.

Per Curiam.

Judgment of conviction (Anthony J. Ferrara, J.), rendered April 16, 2013, affirmed.

The prosecutor's information was not jurisdictionally defective (see People v Inserra, 4 NY3d 30 [2004]). Defendant's commission of the charged offenses was adequately pleaded in the underlying information. With respect to the charge of attempted criminal possession of a controlled substance in the seventh degree (see Penal Law  110/220.03), the information set forth sufficient factual allegations to show the basis for the arresting officer's conclusion that the substance at issue was a controlled substance. The information recited that police recovered a "pipe containing crack/cocaine residue from defendant's sweatshirt pocket," and that the officer believed the substance to be crack/cocaine "based upon [his] professional training as a police officer in the identification of drugs, [his] prior experience as a police officer making drug arrests, and [his] observation of the packaging which is characteristic of this type of drug" (see People v Smalls, 26 NY3d 1064 [2015]; People v Kalin, 12 NY3d 225, 231
349 [2007]). There is no basis upon which to disturb the trial court's determinations concerning credibility. Contrary to defendant's present contention, the parties stipulated that, if called to testify, the police laboratory technician would state that the substance in the pipe recovered from defendant was crack cocaine. The "technical or scientific basis for the testifying expert's conclusion [i]s not required to be presented as part of the People's direct case" (People v Moon, 256 AD2d 24 [1998], lv denied 93 NY2d 901 [1999]). In any event, the existence of a controlled substance is not an element of attempted criminal possession of a controlled substance (see Penal Law  110.00, 220.03; see also People v Brooks, 127 AD3d 1407, 1408 n 2 [2015]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur

Decision Date: October 22, 2019

<form method="LINK" action="../../slipidx/at_1_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>