OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, the conviction reinstated, and the case remitted to the Appellate Division for review of the facts.
The observations made by the police and the defendant’s furtive movements as the police approached were sufficient to warrant inquiry (People v De Bour, 40 NY2d 210). Under the circumstances we cannot say that it was unreasonable for the officers to focus their inquiry on the contents of the defendant’s hand and therefore to ask that he remove the bottle which he held as they approached. Removal of the bag of heroin from the defendant’s pocket was reasonably contemporaneous with his arrest for possession of the heroin previously found in his hand (People v Evans, 43 NY2d 160). Accordingly, the trial court could have properly concluded that the motion to suppress the evidence should have been denied.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order reversed, the conviction reinstated and the case re *788 mitted to the Appellate Division, First Department, for further proceedings in accordance with the memorandum herein.