(May 1, 1986)

■ The People of the State of New York, Respondent, v Randolph Taylor, Appellant.—Judgment, Supreme Court, New York County (Luis M. Neco, J.), rendered May 21, 1982, convicting defendant of robbery in the third degree and sentencing him, as a predicate felon, to an indeterminate term of imprisonment of from 3 to 6 years, unanimously reversed, on the law, and the matter remanded for a new trial.

As the People commendably concede, defendant was entitled to challenge for cause a prospective juror who was uncertain whether she could impartially evaluate a police officer's testimony. During jury selection the juror, whose father had retired from the New York City Police Department, stated that she would be predisposed, for that reason, to believe the police officer. She further stated that having recently been deposed in a malpractice action, and having found the experience intimidating, she would find it difficult to remain "emotionally distant" if a police officer were subjected to a sharp cross-examination and might tend to empathize with him. The court and the juror then engaged in the following colloquy:

"THE COURT: Well, that's exactly what we need is your assurance [that you will be impartial].

"JUROR: I can't absolutely assure you of that.

"THE COURT: Well, I don't think that any human being can absolutely assure anything. Can you assure me that you will do everything within your power to be a fair and impartial juror?

"JUROR: Yes, I would."

When defendant sought to have the juror excused for cause, the court denied the challenge on the ground defendant had failed to demonstrate that the juror had a state of mind likely

to preclude her from rendering an impartial verdict. Defendant thereupon exercised a peremptory challenge to remove the juror, and eventually exhausted all his peremptory challenges before a jury was selected.

It is now clear that a juror must expressly state in unequivocal terms that "his prior state of mind concerning either the case or either of the parties will not influence his verdict, and he must also state that he will render an impartial verdict based solely on the evidence". *(People v Biondo,* 41 NY2d 483, 485.) Judged by such a standard, this juror's promises to do her best fell short of the express, unequivocal declaration which is required. In light of her misgivings, her willingness to try to do "everything within [her] power" to be fair and impartial was not equivalent to saying that "[she] will render an impartial verdict". The juror's statements should be taken as a whole. *(People v Blyden,* 55 NY2d 73, 78.) In the circumstances, defendant's conviction must be reversed and a new trial ordered. (CPL 270.20 [2].) Concur—Murphy, P. J., Sullivan, Carro, Rosenberger and Ellerin, JJ.