■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK SCOTT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered July 13, 1988, convicting him of attempted aggravated assault upon a police officer and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

During the voir dire, a prospective juror informed the trial court that her nephew was an agent of the Federal Bureau of Investigation, and that she had on occasion discussed his work with him. When asked whether her relationship to her nephew might affect her ability to be impartial, this prospective juror replied, "I hope not. I don't know." The record is devoid of any indication that this prospective juror subsequently made an express declaration that her relationship to a law enforcement agent would not affect her ability to be impartial. Under these circumstances, and particularly in

light of the fact that the defendant was accused of attempting to murder two police officers, we conclude that the trial court erred in denying the defendant's challenge to this prospective juror for cause *(see,* CPL 270.20 [1] [b]; *People v Johnson,* 89 AD2d 506; *see also, People v Wagner,* 104 AD2d 457; *cf., People v Colon,* 127 AD2d 678, 679, *affd* 71 NY2d 410, *cert denied* 487 US 1239; *People v Smith,* 110 AD2d 669, *revd on other grounds* 68 NY2d 737, *cert denied* 479 US 953). Since the defendant exhausted his peremptory challenges, a new trial is necessary.

In light of this determination, we need not address the appellant's remaining contentions. Bracken, J. P., Kooper, Miller and Ritter, JJ., concur. *[See,* — AD2d —, Apr. 29, 1991.]