■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEAN NICOLAS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered July 7, 1988, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact were raised or considered.

The evidence adduced at the suppression hearing supports the hearing court's determination that when the police officers responded to a radio transmission of drug activity in a deserted factory area and came upon the defendant, who matched the general description of one of the participants in that activity, the officers had the authority to approach the defendant, without drawn guns, and exercise the common-law right of inquiry (see, People v Benjamin, 51 NY2d 267, 270). The evidence also supports the hearing court's further determination that the defendant voluntarily complied (see, People v Kuhn, 33 NY2d 203, 209) with the officers' reasonable request that he open his hand, coming, as it did, after the defendant had cupped his hand and moved it toward his leg upon the officers' approach (see, People v Cruz, 43 NY2d 786). When the officers observed what appeared to be a marihuana cigarette in one of the defendant's hands and an empty vial commonly used for crack in the other, they had probable cause to arrest him. Thus, suppression of the stolen car and its key, which were recovered incident to the defendant's lawful arrest, was properly denied.

Also properly denied was suppression of the identification testimony of the complainant with respect to both his in-court and out-of-court identifications of the defendant. The evidence adduced at the hearing supports the hearing court's determination that the circumstances surrounding the out-of-court identification were not suggestive. Moreover, the record does not support the defendant's contention, raised for the first time on appeal, that he was entitled to counsel at the informal pretrial identification procedure (see, People v Hawkins, 55 NY2d 474, 484-486, cert denied 459 US 846; see also, People v Bing, 76 NY2d 331).

However, reversal of the defendant's conviction is required due to the trial court's refusal to grant the defendant's challenge for cause as to one of the prospective jurors. Upon general questioning, that prospective juror informed the court that she had taken "a personal, personal love" of the prosecutor, because the prosecutor reminded her of her niece. She went on to explain that when the prosecutor "spoke the first time I just wanted to do this for her, so I don't know if I—". These remarks clearly indicated that the prospective juror possessed "a state of mind that [was] likely to preclude [her] from rendering an impartial verdict based upon the evidence

adduced at the trial" (CPL 270.20 [1] [b]). Moreover, although, upon further questioning, the juror stated that she hoped she could put her feelings aside and that she thought that she would be able to concentrate on what was going on on the witness stand: "it is still necessary that the prospective juror in unequivocal terms 'must expressly state that [her] prior state of mind concerning either the case or either of the parties will not influence [her] verdict, and [she] must also state that [she] will render an impartial verdict based solely on the evidence' *(People v Biondo,* 41 NY2d 483, 485). Furthermore, in considering whether such statements are unequivocal, the juror's testimony should be taken as a whole. 'It is not enough to be able to point to detached language which, alone considered, would seem to meet' the oath's requirements *(People v McQuade,* 110 NY 284, 301, *supra)" (People v Blyden,* 55 NY2d 73, 77-78). Given the strong feelings of affection toward the prosecutor which the prospective juror voiced, and her original indication that she did *not* think that she could decide the case impartially, we conclude that her responses to further inquiry were simply too equivocal to insure that her inclusion on the jury would not deny the defendant his right to trial by an impartial jury *(see, People v Scott,* 170 AD2d 627; *People v Taylor,* 120 AD2d 325). As the Court of Appeals has ofttimes noted: " 'the trial court should lean toward disqualifying a prospective juror of dubious impartiality, rather than testing the bounds of discretion by permitting such a juror to serve. * * * *' Even if, through such caution, the court errs and removes an impartial juror, 'the worst the court will have done * * * is to have replaced one impartial juror with another impartial juror' *(People v Culhane,* 33 NY2d 90, 108, n 3, *supra)."* *(People v Blyden,* 55 NY2d 73, 78, *supra.)* Given that the defendant ultimately peremptorily challenged this prospective juror, and exhausted his peremptory challenges before the selection of the jury was complete, the trial court's erroneous ruling denying his challenge for cause constitutes reversible error *(see,* CPL 270.20 [2]). Brown, J. P., Eiber, Rosenblatt and Ritter, JJ., concur.