■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY MOORE, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Mallon, J.), rendered December 1, 1988, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to the police.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and determined to have been established.

The court did not err in denying the defendant's motion to suppress his oral, written, and videotaped statements to the police.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of depraved indifference murder *(see, People v Register,* 60 NY2d 270, *cert denied* 466 US 953; *People v Solomon,* 172 AD2d 781 [decided herewith]; *People v Rammelkamp,* 167 AD2d 560; *see also,* Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law art 125, at 491).

The trial court erred, however, in denying the defendant's challenge for cause to a prospective juror who equivocated as to her ability to be objective and unbiased. During voir dire she informed the court that her son was a member of the Suffolk County Police Department. When asked whether her relationship to her son might affect her ability to be impartial, she replied, "I can't honestly answer that". The court then asked the prospective juror, "[y]ou feel that you can never be swayed?", and she replied, "I never experienced this before. I really don't know, you know, if I would be influenced. I don't know". The record is devoid of any indication that this prospective juror subsequently made an express declaration that

her relationship to a law enforcement agent would not affect her ability to be impartial.

Appellate courts have repeatedly cautioned that: " '[T]he trial court should lean toward disqualifying a prospective juror of dubious impartiality, rather than testing the bounds of discretion by permitting such a juror to serve. * * *' Even if, through such caution, the court errs and removes an impartial juror, 'the worst the court will have done * * * is to have replaced one impartial juror with another impartial juror' *(People v Culhane,* 33 NY2d 90, 108, n 3 * * *)" *(People v Blyden,* 55 NY2d 73, 78; *see also, People v Nicolas,* 171 AD2d 817). Since the defendant exhausted his peremptory challenges, a new trial is necessary *(see, People v Scott,* 170 AD2d 627).

In light of the foregoing determination, we decline to reach the defendant's remaining contentions. Lawrence, J. P., Harwood, Rosenblatt and O'Brien, JJ., concur.