■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAJUANE B. RICE, Appellant. (Appeal No. 1.) [608 NYS2d 29] — Judgment unanimously reversed on the law and new trial granted. Memorandum: During the course of jury selection, defendant used a peremptory challenge to remove a prospective juror after County Court refused to discharge him for cause. Defendant subsequently exhausted his peremptory challenges before the completion of jury selection and the court denied his request for additional peremptory challenges. In response to questions from both the District Attorney and defense counsel, the prospective juror stated that he did not like lawyers; that he did not "think it is fair that people have the money, they can get out of anything. They get the best lawyers and get out of stuff, you know"; that "it might" make a difference whether defense counsel was paid or whether he was court-assigned; that, if defense counsel were assigned, it "[p]robably makes me more fair, I guess", but if counsel were paid, it "would make me kind of wonder why he was paying you, I guess." It was error to deny a challenge for cause of a potential juror whose state of mind regarding the right to counsel placed his impartiality in serious question. The court's offer to inform the prospective juror that counsel was assigned was not adequate to correct his " 'dubious impartiality' " *(People v Stewart,* 185 AD2d 677). Because defendant's peremptory challenges were exhausted before the completion of jury selection, defendant's conviction must be reversed and a new trial granted *(see,* CPL 270.20 [2]).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAJUANE B. RICE, Appellant. (Appeal No. 2.) [608 NYS2d 135] — Judgment unanimously reversed as a matter of discretion in the interest of justice, plea vacated and matter remitted to Onondaga County Court for further proceedings on the indict-

ment. Memorandum: Defendant contends that the suppression court erred in denying in part his motion to suppress his oral statements to the police. Great weight must be accorded a suppression court's determination because of the court's ability to observe and assess the credibility of a witness *(see, People v Prochilo,* 41 NY2d 759, 761) and its findings should not be disturbed unless clearly erroneous *(see, People v Armstead,* 98 AD2d 726). We find no reason to disturb the suppression court's finding that defendant's statements to the police, while defendant was a patient in the intensive care unit at the hospital, were voluntarily made after he had been given his *Miranda* warnings and had waived them *(see, People v Atkinson,* 179 AD2d 1072, *lv denied* 79 NY2d 997; *People v Eastman,* 114 AD2d 509, *lv denied* 67 NY2d 651; *People v Pearson,* 106 AD2d 588).

Nevertheless, reversal is required because defendant's plea was induced by the understanding that the sentence would be concurrent with the sentence imposed for defendant's conviction in *People v Rice* (199 AD2d 1054 [decided herewith]), which is reversed *(see, People v Fuggazzatto,* 62 NY2d 862, 863). Although defendant does not raise this issue on appeal, we reach it as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6]). (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Attempted Murder, 2nd Degree.) Present—Pine, J. P., Balio, Lawton, Doerr and Boehm, JJ.