◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAJUANE B. RICE, Appellant. (Appeal No. 1.) [608 NYS2d 29] — Judgment unanimously reversed on the law and new trial granted. Memorandum: During the course of jury selection, defendant used a peremptory challenge to remove a prospective juror after County Court refused to discharge him for cause. Defendant subsequently exhausted his peremptory challenges before the completion of jury selection and the court denied his request for additional peremptory challenges. In response to questions from both the District Attorney and defense counsel, the prospective juror stated that he did not like lawyers; that he did not "think it is fair that people have the money, they can get out of anything. They get the best lawyers and get out of stuff, you know"; that "it might" make a difference whether defense counsel was paid or whether he was court-assigned; that, if defense counsel were assigned, it "[p]robably makes me more fair, I guess", but if counsel were paid, it "would make me kind of wonder why he was paying you, I guess." It was error to deny a challenge for cause of a potential juror whose state of mind regarding the right to counsel placed his impartiality in serious question. The court's offer to inform the prospective juror that counsel was assigned was not adequate to correct his " 'dubious impartiality' " *(People v Stewart,* 185 AD2d 677). Because defendant's peremptory challenges were exhausted before the completion of jury selection, defendant's conviction must be reversed and a new trial granted *(see,* CPL 270.20 [2]).

In light of our determination, we need not address defendant's remaining contentions. (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pine, J. P., Balio, Lawton, Doerr and Boehm, JJ.