■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH DEAN, Appellant. [616 NYS2d 729] —Judgment, Supreme Court, New York County (Mary McGowan Davis, J.), rendered July 2, 1992, which convicted defendant, after a jury trial, of assault in the second degree and sentenced him to a term of 2⅓ to 7 years, unanimously affirmed.

Defendant's claim that he was denied his right to be present at all material stages of his trial when the court conducted a brief discussion with one of the jurors about the juror's work commitments and personal obligations is unpreserved for this Court's review (see, People v Metro, 173 AD2d 282, lv denied 78 NY2d 970). In any event, were we to review the claim, we would find that a fair reading of the record demonstrates that defendant and counsel were present during the brief colloquy and there is nothing to indicate that the court prevented counsel or defendant from participating in that discussion (see, People v Gonzalez, 203 AD2d 192; People v Walker, 202 AD2d 312).

Contrary to defendant's contention, since the police were investigating a stabbing which occurred only moments earlier, and inasmuch as defendant was near the crime scene, matched the limited description provided by the victim, and was approaching the police with an unidentified object, the police were justified in ordering defendant to put down the object he was carrying to enable them to pursue their investigation without fear for their safety (People v Cruz, 43 NY2d 786). Concur—Ellerin, J. P., Ross, Asch, Rubin and Williams, JJ.