■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTIE WILLIAMS, Appellant. [620 NYS2d 663] —Judgment unanimously reversed on the law, new trial granted on count two of indictment and count one of indictment dismissed without prejudice to the People to re-present any appropriate charges under count one to another Grand Jury. Memorandum: We conclude that the People's proof is insufficient to establish that defendant had the requisite knowledge of the weight of the controlled substance she possessed to support her conviction of criminal possession of a controlled substance in the fifth degree under Penal Law § 220.06 (5) (see, People v Ryan, 82 NY2d 497; People v Lawrence, 204 AD2d 969, lv granted 84 NY2d 937). There is sufficient evidence, however, to sustain a conviction of the lesser included offense of criminal possession of a controlled substance in the seventh degree. Because there must be a new trial, count one of the indictment charging

defendant with criminal possession of a controlled substance in the fifth degree is dismissed with leave to the People to re-present any appropriate charges under that count to another Grand Jury *(see, People v Gonzalez,* 61 NY2d 633, 635; *People v Jackson,* 167 AD2d 893, 894).

Defendant's conviction of criminal possession of a controlled substance in the seventh degree under count two of the indictment also must be reversed because Supreme Court erred in denying defendant's challenge for cause of a prospective juror. During voir dire, a prospective juror advised the court that she was friendly with members of several police departments. When asked by the court whether her relationship with those police officers would affect her ability to be fair and impartial, she replied, "I would try to be fair and impartial". Upon further questioning by defense counsel, the juror indicated that she found the police officers she knew to be fair and ethical individuals. When asked whether she would be fair and impartial, she responded, "intellectually I hope I would try to be fair and impartial". The juror also stated that she could not give counsel any guarantees. Because the juror was unable to state unequivocally that her relationship with law enforcement officials would not affect her ability to be fair and impartial, defense counsel's motion to excuse her for cause should have been granted *(see, People v Blyden,* 55 NY2d 73, 77-78; *People v Taylor,* 120 AD2d 325; *see also, People v Nicolas,* 171 AD2d 817). Because defense counsel exhausted all of her peremptory challenges, a new trial is necessary on count two of the indictment *(see, People v Moore,* 172 AD2d 778, 779, *lv denied* 78 NY2d 970; *People v Scott,* 170 AD2d 627). (Appeal from Judgment of Supreme Court, Erie County, Kubiniec, J.—Criminal Possession Controlled Substance, 5th Degree.) Present—Balio, J. P., Lawton, Wesley, Callahan and Davis, JJ.