Thus, I submit that this portion of plaintiff's Labor Law § 241 (6) cause of action should be reinstated. (Appeal from Order and Judgment of Supreme Court, Ontario County, Harvey, J.— Labor Law.) Present—Pine, J. P., Lawton, Callahan, Balio and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEO R. BUTLER, JR., Appellant. (Appeal No. 1.) [635 NYS2d 385] —Judgment unanimously reversed on the law and new trial granted. Memorandum: During voir dire, a prospective juror stated that, based upon his experience with shoplifters and employee theft in his business, he has found that "when you catch somebody they're always going to deny it at first." He also advised the attorneys and County Court that his business had been robbed and burglarized and that he did not know whether he could "put those incidents aside." The prospective juror provided assurances that he would try to be objective, but at the same time expressed doubt that he could be. Based upon his clearly expressed uncertainty about his ability to be objective, that prospective juror was challenged for cause by both the prosecutor and defense counsel. The challenges were denied and defendant used a peremptory challenge to remove him. Because that prospective juror was unable to state unequivocally that he could render an impartial verdict based upon the evidence, the trial court should have discharged him for cause (see, CPL 270.20 [1] [b]; *People v Blyden,* 55 NY2d 73, 78-79; *People v Williams,* 210 AD2d 914; *People v Rice,* 199 AD2d 1054). Defendant exhausted his peremptory challenges before the completion of jury selection. Therefore, the conviction must be reversed and a new trial granted (see, CPL 270.20 [2]; *People v Williams, supra; People v Rice, supra).*

The court properly denied the motion of defendant to suppress physical evidence seized at the time of his arrest (see, *People v Pringle,* 216 AD2d 863) and his statements to the police (see, *People v Oates,* 104 AD2d 907, 910).

In view of our determination, we do not address defendant's remaining contentions. (Appeal from Judgment of Onondaga County Court, Burke, J.—Attempted Murder, 2nd Degree.) Present—Green, J. P., Pine, Wesley, Callahan and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEO R. BUTLER, JR., Appellant. (Appeal No. 2.) [635 NYS2d 405] —Judgment unanimously affirmed. Same Memorandum as in *People v Butler* (221 AD2d 918 [decided herewith]). (Appeal from Judgment of Onondaga County Court, Burke, J.—Burglary, 1st Degree.) Present—Green, J. P., Pine, Wesley, Callahan and Davis, JJ.