■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS VELEZ, Appellant. [636 NYS2d 764] —Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered March 10, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

Viewing the evidence in a light most favorable to the prosecution and giving it the benefit of every reasonable inference (*People v Malizia*, 62 NY2d 755, *cert denied* 469 US 932), we find that the evidence was sufficient as a matter of law to support the verdict. Upon an independent review of the facts, we find that the verdict was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490). The issues raised by defendant concerning the credibility of the undercover officer and the plausibility of defendant's version of events were properly placed before the jury and we find no reason to disturb its determination.

Review of defendant's CPL 30.30 claim is precluded by his failure to provide an adequate record with respect to the disposition of his *pro se* speedy trial motion (*People v Brisko*, 219 AD2d 493; *People v Anderson*, 216 AD2d 257). In any event, the *pro se* motion was facially insufficient.

Despite the prospective juror's assurance, there remained a substantial doubt as to whether he could be fair and impartial in this drug case in light of his acknowledgement that he and his friends currently used and purchased substantial quantities of marijuana and that he did not like that the sale of drugs is illegal. This juror was properly discharged for cause in the discretion of the trial court (CPL 270.20 [1] [b]; *see, People v Blyden*, 55 NY2d 73, 77). Moreover, since the discharge of the juror, though *sua sponte*, was the functional equivalent of a granting of a challenge for cause by the People, and since the People never exhausted their peremptory challenges, CPL 270.20 (2) forecloses review.

Finally, the prosecutor's violation of the *Sandoval* ruling was harmless where defense counsel was able to correct defendant's misstatement on redirect examination and the court's final charge removed any possible prejudice. Concur—Murphy, P. J., Sullivan, Kupferman, Ross and Williams, JJ.