■ The People of the State of New York, Respondent, v Martin Jordan, Appellant. [663 NYS2d 876] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flug, J.), rendered April 3, 1996, convicting him of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The trial court erred in denying the defendant's challenge for cause to a prospective juror. Where there is evidence that a prospective juror's state of mind is likely to preclude him or her from rendering an impartial verdict (*see*, CPL 270.20 [1] [b]), the juror is required to state in unequivocal terms that he or she would be able to render a verdict based solely on the evidence adduced at trial (*see, People v Torpey*, 63 NY2d 361, 367; *People v Blyden*, 55 NY2d 73, 77-78; *People v Culhane*, 33 NY2d 90, 106-108). In evaluating whether the prospective juror has made an unequivocal declaration, the trial court must consider the juror's entire testimony (*see, People v Torpey, supra*, at 368; *People v Blyden, supra*, at 78). The record clearly demonstrates that the juror's statements, as a whole, fell short of the required unequivocal declaration of impartiality (*see, People v Blyden, supra; People v Sumpter*, 237 AD2d 389; *People v Butler*, 221 AD2d 918; *People v Williams*, 210 AD2d 914).

The trial court's failure to grant the defendant's challenge for cause constitutes reversible error because the defendant exhausted all of his peremptory challenges prior to the completion of jury selection (*see*, CPL 270.20 [2]; *People v Torpey, supra*, at 365; *People v Hewitt*, 189 AD2d 781). Bracken, J. P., Joy, Altman and Goldstein, JJ., concur.