■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN JOHNSON, Appellant. [670 NYS2d 118] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brill, J.), rendered December 22, 1994, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM JOHNSON, Appellant. [670 NYS2d 119] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered April 11, 1996, convicting him of robbery in the first degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court acted within its discretion in discharging a sworn juror before the completion of jury selection. The record reveals that the juror withheld information regarding a certain religious belief which might have affected his ability to be impartial, even though the court had specifically requested such information. The juror also denied that he had made certain statements regarding his belief to the other jurors, although the other jurors confirmed that he had. Under these circumstances, the court properly exercised its discretion pursuant to CPL 270.15 (3) by discharging that juror (*see, People v Clarke,* 168 AD2d 686; *People v Cannady,* 138 AD2d 616).

The defendant's objections to the prosecutor's summation comments are mostly unpreserved for appellate review (*see, People v Tardbania,* 72 NY2d 852; *People v Medina,* 53 NY2d

951) or without merit. In any event, any prejudice was effectively vitiated by the court's prompt curative instructions and by its final charge (*see, People v Galloway,* 54 NY2d 396; *People v Valerio,* 167 AD2d 439). Rosenblatt, J. P., Miller, Copertino and Goldstein, JJ., concur.