■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDOLPH HARRIS, Appellant. [669 NYS2d 355] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Colabella, J.), rendered September 27, 1995, convicting him of rape in the first degree (four counts), attempted rape in the first degree (six counts), attempted sodomy in the first degree (four counts), sexual abuse in the first degree (two counts), and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified by reversing the

convictions of rape in the first degree under counts nine and ten of the indictment, vacating the sentences imposed thereon, and dismissing those counts; as so modified, the judgment is affirmed.

The defendant was convicted of various crimes arising, *inter alia,* from the rape and sexual abuse of a ten-year-old child.

The defendant argues, and the People concede on appeal, that the evidence was legally insufficient to establish the defendant's guilt of rape in the first degree as charged in counts nine and ten of the indictment. We agree, and the defendant's convictions on those counts are reversed.

The defendant contends that during jury selection the trial court erred in denying one of his challenges for cause. At issue was whether a panelist's feelings of sympathy toward children would be a factor in his ability to be a fair and impartial juror. The court forcefully told the panelist that he had to accept the law as stated by the court or he would be excused. Observing that sympathy could not be a factor, the court asked the panelist if he would commit to following the law "to the extent humanly possible." The panelist agreed by saying, "I will try to the extent humanly possible." Calling the response an honest answer, the court accepted the panelist's statement as not equivocal by saying, "That's fine." On appeal, we are asked to overturn this determination of an experienced Trial Judge that the panelist possessed the requisite state of mind to serve as a fair and impartial juror. We decline to do so.

*People v Williams* (63 NY2d 882, 885) states: "We assume that most if not all jurors bring some predispositions, of varying intensity, when they enter the jury box. It is only when it is shown that there is a substantial risk that such predispositions will affect the ability of the particular juror to discharge his responsibilities (a determination committed largely to the judgment of the Trial Judge with his peculiar opportunities to make a fair evaluation) that his excuse is warranted." If the rule were otherwise, the Court noted, it would require the discharge of any panelists who disclosed anything but a total absence of bias or prejudice, notwithstanding a stated readiness to lay such bias or prejudice aside in the discharge of his or her duties as a juror (*see, People v Williams, supra*).

In determining whether a substantial risk exists that a panelist's predispositions will affect the panelist's ability to discharge his or her duties as a juror, the court's have eschewed the " 'talismanic expurgatory oath' " set forth in the old Code of Criminal Procedure as a " 'facile method for purging a prima facie showing of bias' " (*People v Blyden,* 55 NY2d 73, 77, quot-

ing *People v Culhane,* 33 NY2d 90, 104, n 2; *see also, People v Martell,* 138 NY 595). Rather, whether a panelist has made the required unequivocal statements needed to "purge" an expressed bias or prejudice is to be discerned from the voir dire record as a whole, with due deference given to the determination of the trial court, which had the peculiar advantage of having seen and heard the panelist (*see, People v Torpey,* 63 NY2d 361, 368; *People v Blyden, supra,* at 79; *People v Middleton,* 220 AD2d 202; *People v Pagan,* 191 AD2d 651; *People v Nicolas,* 171 AD2d 817; *cf., People v Archer,* 210 AD2d 241). Here, the panelist at issue was questioned extensively by trial counsel and the court. Based on the voir dire record as a whole, and giving due deference to the determination of the trial court, we cannot say that it was an improvident exercise of discretion to have denied the defendant's challenge for cause (*see, contra, People v Maddox,* 175 AD2d 183; *People v Moore,* 172 AD2d 778).

We have considered the defendant's remaining contentions and find them to be unpreserved for appellate review and/or without merit. Miller, J. P., Ritter, Altman and Krausman, JJ., concur.