■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD DAVIS, Appellant. [669 NYS2d 834] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Koch, J.), rendered June 1, 1995, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

dant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered December 6, 1995, convicting him of criminal possession of stolen property in the third degree and unauthorized use of a vehicle, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is granted.

We agree with the defendant's contention that the trial court erred in denying his challenge for cause to a prospective juror. Where there is evidence that a prospective juror's state of mind is likely to preclude him from rendering an impartial verdict (*see,* CPL 270.20 [1] [b]), the juror must state unequivocally that he or she would be able to render a verdict based solely on the evidence adduced at trial (*see, People v Torpey,* 63 NY2d 361, 367; *People v Blyden,* 55 NY2d 73, 77-78). Here, the juror's responses, taken as a whole, fell short of the necessary unequivocal declaration of impartiality (*see, People v Torpey, supra; People v Blyden, supra; People v Sumpter,* 237 AD2d 389; *People v Williams,* 210 AD2d 914).

The trial court's failure to grant the defendant's challenge for cause constitutes reversible error because the defendant exhausted all of his peremptory challenges prior to the completion of jury selection (*see,* CPL 270.20 [2]; *People v Torpey, supra,* at 365; *People v Sumpter, supra; People v Hewitt,* 189 AD2d 781).

In light of our determination, we need not reach the defendant's remaining contention. Thompson, J. P., Pizzuto, Joy and Altman, JJ., concur.