■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLFO MONTADA, Appellant. [671 NYS2d 62] —Judgment, Supreme Court, Bronx County (John Stackhouse, J.), rendered on or about February 16, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 7 to 14 years, unanimously affirmed.

Our reading of the totality of the record, including the court's colloquy with defendant after the sidebar had been completed, reveals that defendant voluntarily, knowingly and intelligently waived his right to be present at the voir dire sidebar conference in question. There is considerable flexibility regarding the acceptable form of such waivers (*see, People v Vargas*, 88 NY2d 363, 375-376; *People v Leonor*, 245 AD2d 22).

The court properly excused a prospective juror for cause,

since a review of the entire record (*see, People v Taylor*, 120 AD2d 325, 326) reveals his inability to follow the court's instructions as to reasonable doubt, and that he would be unable to "evaluate [the] evidence in a rational manner, communicate effectively with the other jurors during deliberations, and comprehend the applicable legal principles, as instructed by the court." (*People v Guzman*, 76 NY2d 1, 5.)

The court properly exercised its discretion as to the admissibility and bounds of expert testimony concerning narcotics transactions (*see, People v Garcia*, 196 AD2d 433, *affd* 83 NY2d 817). The testimony was relevant to accessorial liability and was not unduly prejudicial.

We perceive no abuse of sentencing discretion. Concur—Rosenberger, J. P., Nardelli, Wallach, Rubin and Mazzarelli, JJ.