OPINION OF THE COURT
Leon Ruchelsman, J.
The defendant is charged with criminal possession of a con *173 trolled substance in the second degree (Penal Law § 220.18 [1]), criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), and two counts of criminally using drug paraphernalia in the second degree (Penal Law § 220.50 [2], [3]). During the third round of jury selection, while the court was questioning the jurors, juror No. 6 stated that he believed marihuana possession should be legalized and that he had used cocaine in the past. The People challenged this juror for cause citing his past drug use as grounds for the juror’s inability to be fair and impartial. The defendant objected that drug use alone, without other evidence of unfairness, is insufficient grounds for dismissing a juror for cause. The court denied the People’s motion to challenge the juror for cause. This decision supplements the court’s previous oral ruling.
Conclusions of Law
CPL 270.20 (1) (b) states that a prospective juror may be challenged for cause where that juror maintains “a state of mind that is likely to preclude him from rendering an impartial verdict”. Thus, to challenge a juror for cause the juror’s answers during the voir dire must demonstrate a serious risk that such juror will be unable to satisfy his or her civic responsibilities in an impartial manner (People v Williams, 63 NY2d 882 [1984]). There are no definitive rules which set forth the particular beliefs or state of mind which renders a potential juror unfit to serve. There are, however, certain opinions or convictions which a potential juror can express which will render such juror unfit as a matter of law.
Thus, in People v Butler (221 AD2d 918 [4th Dept 1995]) the Court held it was proper to dismiss a juror for cause who could not equivocally state that he could render an impartial verdict. The juror’s assurances that he would try to be objective were deemed insufficient since the juror had doubts he could do so. The juror’s beliefs concerning his impartiality necessarily rendered him unfit to serve. Similarly, it was proper to dismiss four jurors for cause where they maintained they were uncomfortable judging a defendant in a murder prosecution. The Court correctly concluded that such uneasiness rendered the jurors unfit to serve (People v Cunningham, 222 AD2d 727 [3d Dept 1995], lv denied 87 NY2d 1018).
There are other instances, however, where a potential juror might express an opinion or belief regarding a single aspect or point of law. In appropriate circumstances, that too can give rise to a challenge for cause. Therefore, in People v Rice (199 *174 AD2d 1054 [4th Dept 1993]) the Court ruled that it was proper to challenge for cause a potential juror who stated he did not like lawyers and that it might make a difference to him whether a defendant’s attorney was court assigned or paid privately by the defendant. The juror’s views concerning the right to counsel placed the jurors impartiality in serious question. Presumably, where a juror has expressed such beliefs about counsel then any ritualistic assurances about “being fair” are correctly ignored. Likewise, it was proper to challenge for cause a juror who believed that police officers always tell the truth on the job and would never lie thereby jeopardizing future employment as a police officer. That single belief rendered the juror unfit to serve in spite of any assurances the juror could afford concerning impartiality (People v Punch, 215 AD2d 410 [2d Dept 1995]).
Additionally, it was held proper to dismiss a juror for cause in a narcotics prosecution where the juror admitted to her own use and her friend’s use of cocaine. Her cocaine use rendered her unfit to deliberate impartially and fairly (People v Roth, 139 AD2d 605 [2d Dept 1988], lv denied 72 NY2d 866). The dismissal for. cause of a juror who uses drugs is appropriate even where the juror assures the court he can remain impartial (People v Velez, 223 AD2d 414 [1st Dept 1996], lv denied 88 NY2d 855).
Moreover, there may be instances where a juror’s statements taken as a whole can demonstrate an inability to be fair and impartial without being able to point to specific pronouncements which highlight the juror’s partiality (People v Jordan, 244 AD2d 360 [2d Dept 1997]).
The key then, for determining whether a challenge for cause is proper, is whether the juror can unequivocally demonstrate that his or her current state of mind will not improperly influence the verdict (People v Blyden, 55 NY2d 73 [1982]). Assurances to try to be objective are insufficient (People v Maddox, 175 AD2d 183 [2d Dept 1991]).
Turning to the case at bar, the juror in question stated that he had once used cocaine in the past and that he felt marihuana possession should be legalized. The juror admitted that he presently does not take any drugs and agrees with laws dealing with drug possession and drug sale. The juror only expressed reservations with marihuana possession, a crime which is not relevant to the charges in this case.
Excluding a juror merely because he has committed a misdeed in the past on one occasion is not sufficient grounds to *175 dismiss that juror for cause, as a matter of law, especially where the juror indicated he could be fair in all other respects (People v Blyden, supra). It would stretch credulity to preclude individuals merely on this basis alone. A juror’s fitness to serve is all the more insured in cases such as this where the facts of the juror’s conduct are hardly known. It was not revealed during voir dire how long ago the incident took place, under what circumstances and the amount of drugs that were involved. In any event, the juror made clear that what was done in the past had little if any bearing on his assessment of the facts of the case at bar and that he could be fair and impartial.
Nor can this case be compared to Velez (supra) and Roth (supra) where in both those cases the juror’s drug use was current, ongoing and continuous.
Therefore, since this juror’s responses to questions did not demonstrate that he was unfit as a matter of law, the People’s motion to challenge this juror for cause is denied.