■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH MOLINARI, Appellant. [678 NYS2d 106] —Appeal by the defendant from a judgment of the County Court, Nassau County (Calabrese, J.), rendered November 18, 1997, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

We agree with the defendant that the trial court erred in refusing to dismiss prospective juror No. 9 for cause. The juror indicated that he believed that an individual accused of a crime was probably guilty. Where there is evidence that a prospective juror's state of mind is likely to preclude him or her from rendering an impartial verdict (*see,* CPL 270.20 [1] [b]), the juror must state unequivocally that he or she would be able to render a verdict based solely on the evidence adduced at trial (*see, People v Torpey,* 63 NY2d 361, 367; *People v Blyden,* 55 NY2d 73, 77-78; *People v Davis,* 248 AD2d 399).

Here, the juror's responses to further questioning fell short of the necessary unequivocal declaration of impartiality as he continued to adhere to his belief that an individual accused of a crime "most probably did it" (*see, People v Davis, supra; People v Johnson,* 245 AD2d 305; *People v Jordan,* 244 AD2d 360). Because defense counsel then exercised a peremptory challenge against this prospective juror and eventually

exhausted his peremptory challenges, the defendant's conviction must be reversed (*see, People v Torpey,* 63 NY2d 361, *supra; People v Johnson, supra;* CPL 270.20 [2]).

Since there must be a new trial, we have considered the defendant's contention that the tape of a 911 call made by an eyewitness was inadmissible hearsay. We conclude that the trial court properly determined that the tape was admissible as an excited utterance exception to the hearsay rule (*see, People v Vasquez,* 88 NY2d 561; *People v Edwards,* 47 NY2d 493; *People v Masas,* 244 AD2d 433).

In view of our determination, we do not reach the defendant's contention that the trial court erred in failing to dismiss two other prospective jurors for cause. O'Brien, J. P., Santucci, Krausman and Goldstein, JJ., concur.