OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously reversed on the law and facts and accusatory instrument dismissed.
In this trial for petit larceny, the sole issue before this court is whether or not error was committed in not disqualifying a prospective juror. Discussion of this issue must begin with CPL 270.20 which states that:
“1. A challenge for cause is an objection to a prospective juror and may be made only on the ground that * * *
“(b) He has a state of mind that is likely to preclude him from rendering an impartial verdict based upon the evidence adduced at the trial”.
In the Practice Commentaries to this section (McKinney’s Cons Laws of NY, Book 11 A, CPL 270.20, at 425), Peter Preiser stated that:
“Where a prospective juror reveals knowledge or expresses an opinion that creates a doubt regarding his or her ability or willingness to judge the case impartially and solely upon the evidence admitted at trial, the juror must be excused, unless the juror is willing to state unequivocally that prior knowledge or opinion will not influence his or her verdict and that it will be rendered impartially, solely upon the evidence. This is sometimes called an ‘expurgatory oath’ (see, People v Culhane, 1973, 33 N.Y.2d 90, 350 N.Y.S.2d 381, 305 N.E.2d 469). But the statement or oath, standing alone, is not sufficient. The trial court must be satisfied that ‘the prior opinion or impression has lost its sway over the mind of the juror.’ In other words, the juror who has created a doubt is subjected to a two part test: 1) the requirement of an unequivocal express confirmation of ability and willingness to judge the case impartially and solely upon the evidence; and 2) a judgment by the trial court that all of the juror’s statements taken as a whole confirm the substance of the so-called oath * * *
“Note also, that where suspicion of bias is based upon the juror’s prior information regarding the general character of the defendant — as distinguished from prior exposure to some of the facts of the case — the court must be extremely cautious. The juror should be dismissed if there appears to be any possibility that such impressions might influence his or her *614 verdict, because those impressions probably will not be addressed by the evidence at the trial. People v Torpey, 1984, 63 N.Y.2d 361, 482 N.Y.S.2d 448, 472 N.E.2d 298.”
People v Torpey (63 NY2d 361, supra) dealt with cases of actual bias and required proof in the form of an “expurgatory oath”. In People v Brown (111 AD2d 248, 249), the Court stated:
“When a prospective juror’s responses indicate a ‘state of mind’ that could be ‘likely to preclude him from rendering an impartial verdict based upon the evidence adduced at trial’ (CPL 270.20 [1] [b]), the juror must be excluded unless answers to follow-up questions insure that such a state of mind will not affect his impartiality (People v Blyden, 55 NY2d 73; People v Culhane, 33 NY2d 90). The juror must express in explicit and unequivocal terms (1) that such opinion will not influence him in the trial, and (2) that he can render an impartial verdict (People v Culhane, supra, at pp 106-107). The prospective juror’s statements, taken in context, must ensure not only that the juror recognizes that he ‘should’ put his beliefs aside, but that he in fact believes that he can be impartial and will put his opinion aside (People v Blyden, supra, at p 78).
“The strongest attempt to dispel the doubts as to the qualifications of the prospective juror at bar was made when she was asked: ‘But do you feel the fact that somebody had been arrested would make it difficult for you to [presume that he is not guilty]?’ and she responded, T don’t think so.’ The juror’s equivocal response was insufficient to allay concerns about her ability to be objective.”
In the recent case of People v Jordan (244 AD2d 360), the Second Department held:
“The trial court erred in denying the defendant’s challenge for cause to a prospective juror. Where there is evidence that a prospective juror’s state of mind is likely to preclude him or her from rendering an impartial verdict {see, CPL 270.20 [1] [b]), the juror is required to state in unequivocal terms that he or she would be able to render a verdict based solely on the evidence adduced at trial * * * In evaluating whether the prospective juror has made an unequivocal declaration, the trial court must consider the juror’s entire testimony * * * The record clearly demonstrates that the juror’s statements, as a whole, fell short of the required unequivocal declaration of impartiality (see, People v Blyden, supra; People v Sumpter, 237 AD2d 389; People v Butler, 221 AD2d 918; People v Williams, 210 AD2d 914).
“The trial court’s failure to grant the defendant’s challenge for cause constitutes reversible error because the defendant *615 exhausted all of his peremptory challenges prior to the completion of the jury selection (see, CPL 270.20 [2]; People v Torpey, supra, at 365; People v Hewitt, 189 AD2d 781).”
What is unusual in this case is that the attempt to rehabilitate the prospective juror was not made by the People, was not pursued by the court, but was made by defendant’s attorney. After hearing that he had been involved in two similar incidents at a Pathmark store and áfter giving equivocal answers to her initial questions, counsel for defendant pursued this prospective juror to clarify this intent. Even after being given some time to consider his thoughts, he initially responded that “I guess I could be impartial”. It was only after further questioning by defendant’s counsel that he gave an unequivocal answer.
In determining whether a juror’s statements are equivocal, the Court, in People v Blyden (55 NY2d 73, 78, supra), stated:
“Furthermore, in considering whether such statements are unequivocal, the juror’s testimony should be taken as a whole. ‘It is not enough to be able to point to detached language which, alone considered, would seem to meet’ the oath’s requirements (People v McQuade, 110 NY 284, 301, supra).
“In conclusion, it is essential that all elements of the required statements be voiced, and that they be voiced with conviction. The mere words themselves, however, have no talismanic power to convert a biased juror into an impartial one, although they do nonetheless provide a minimum level of protection. They must be taken in context. A hollow incantation, made without assurance or certitude, is not enough. Where there remains any doubt in the wake of such statements, when considered in the context of the juror’s over-all responses, the prospective juror should be discharged for cause. The costs to society and the criminal justice system of discharging the juror are comparatively slight, while the costs in fairness to the defendant and the general perception of fairness of not discharging such a juror are great. As this court stated in People v Branch (46 NY2d 645, 651-652, supra), ‘the trial court should lean toward disqualifying a prospective juror of dubious impartiality, rather than testing the bounds of discretion by permitting such a juror to serve) ” (Emphasis added.)
In the case at bar, it is suggested that the trial court erred in that it did not “lean toward disqualifying a prospective juror of dubious impartiality” (supra, at 78), but instead, approved a juror whose own personal experience consisted of actions almost identical to those to be testified to by the various wit *616 nesses. While he was not a police or peace officer, his actions were akin to them and his inability to state clearly and initially that he could be impartial, should have resulted in his discharge for cause.
For the reasons just stated, it will not be necessary to consider the remaining issues advanced by defendant. In sum, for the reason that the juror should have been disqualified, and because defendant served his sentence, the accusatory instrument must be dismissed.
DiPaola, P. J., Palella and Levitt, JJ., concur.