■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY LIGHT, Also Known as JAMES GERARDES, Appellant. [687 NYS2d 712] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ruchelsman, J.), rendered April 8, 1997, convicting him of unauthorized use of a motor vehicle in the second degree and petit larceny, upon a jury verdict, and imposing sentence. Justice Thompson has been substituted for former Associate Justice Copertino and Justice Altman has been substituted for former Associate Justice Pizzuto (*see,* 22 NYCRR 670.1 [c]).

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant was convicted of crimes arising from his breaking into the complainant's car and attempting to drive it away. During the course of jury selection, one of the jurors noted that his mother's car and his own car had been broken into. The court asked if that would affect the way he listened to the evidence, and the prospective juror replied "Well, I don't know". Upon further questioning by the prosecutor, the prospective juror noted that both crimes occurred "within the last year", and they "may have an effect" upon how he evaluated the evidence. Although the prospective juror stated he "would try to listen to the evidence", on further questioning by the defense counsel, he noted he was still angry. When asked if his anger would affect how he judged the testimony in the instant case, he said: "Well, I don't know * * * I just bought a new car this week and have to pay thirty-five hundred dollars in car insurance because of robberies in New York".

The defense counsel challenged that prospective juror for cause, but the court denied the challenge because although "he indicated * * * he was upset about his own car, he said he would try to be fair". That ruling was error.

The prospective juror expressed an individualized basis, not an abstract basis, for his predisposition against the defendant (*see, People v Williams,* 63 NY2d 882). In *People v Harris* (247 AD2d 630, 631), relied upon by the People, the prospective juror stated that he would " 'try to the extent humanly possible' " to put aside his general sympathy for children. In the instant case, on the other hand, the prospective juror indicated that he did not know whether his own recent experiences with crimes similar to the crimes charged in the indictment would affect his judgment.

Here, the prospective juror indicated that a substantial risk existed that his predisposition would affect his ability to discharge his duties as a juror. "[W]here there is a prima facie showing of actual bias, the Trial Judge should require the prospective juror to 'expressly state that his prior state of mind * * * will not influence his verdict, and * * * that he will render an impartial verdict based solely on the evidence' " (*People v Torpey,* 63 NY2d 361, 367, quoting *People v Biondo,* 41 NY2d 483, 485, *cert denied* 434 US 928). His equivocal statements that he "would try" and "I don't know" were insufficient to establish that he would be an impartial juror (*see, People v White,* 260 AD2d 413 [decided herewith]; *People v Brzezicki,* 249 AD2d 917; *People v Williams,* 210 AD2d 914; *People v Lawrence,* 159 AD2d 518; *People v Moorer,* 77 AD2d 575).

Since the defendant thereafter exhausted all his peremptory

challenges, the error mandates a new trial (*see, e.g., People v Molinari,* 252 AD2d 532). Thompson, J. P., Sullivan, Altman and Goldstein, JJ., concur.