■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY WHITE, Appellant. [688 NYS2d 565] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flug, J.), rendered December 13, 1996, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. Justice Joy has been substituted for Justice Copertino (*see,* 22 NYCRR 670.1 [c]).

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant, who exhausted his peremptory challenges,

was obliged to exercise two of them on jurors who should have been excused for cause. In one round, Juror No. 7 maintained that she could not understand why an innocent defendant would not want to testify. When asked hypothetically if she would hold it against the defendant if, even though the People failed to thoroughly convince her of his guilt, he declined to testify on his own behalf, Juror No. 7 declared that she "would not be able to come up with a truthful verdict" without hearing the defendant's own account of "what he feels", "what's in his mind", "[w]hat he did". Even after being told that the law did not require the defendant to testify, Juror No. 7 continued to insist, "I don't understand why he wouldn't want to do it", "I guess I just can't get that through my head", and "I don't understand that". The trial court did not take any remedial steps to further question or instruct this juror.

Another juror, whose brother had been murdered during the course of a robbery several years before, told the court that it would be "pretty hard" for him to remain "fair and impartial" in the instant case, which involved the stabbing of one brother by another in a dispute over money. The most the juror could promise was that he would "try". When subsequently pressed by the court, the juror reiterated that he would find it "pretty difficult" to be "fair and impartial", although he again promised the court that he would "try".

When a defendant's peremptory challenges are exhausted before jury selection is complete, an erroneous denial of a challenge for cause constitutes reversible error (*see,* CPL 270.20 [2]; *People v Sharper,* 255 AD2d 139; *People v Molinari,* 252 AD2d 532). Once a prospective juror has indicated bias, hesitation, or any limitation on his ability to render a fair and impartial verdict, the juror should be discharged unless he or she subsequently makes an "unequivocal" promise to set aside his or her prior state of mind and to render a verdict based solely on the evidence (*People v Blyden,* 55 NY2d 73, 77-78; *see, People v Hewitt,* 189 AD2d 781; *People v Scott,* 170 AD2d 627; *People v Taylor,* 120 AD2d 325). Under the circumstances presented here, we find that the Supreme Court erred in rejecting the defendant's two challenges for cause, inasmuch as the uncertain nature of these two prospective jurors' responses suggested that they would likely be unable to render an impartial verdict based upon the evidence (*see, People v Light,* 260 AD2d 404 [decided herewith]; *People v Bracetty,* 216 AD2d 479; *see also, People v Maddox,* 175 AD2d 183; *People v Moore,* 172 AD2d 778). Accordingly, a new trial is necessary (*see, People v Moore, supra*).

The trial court's *Sandoval* ruling did not deprive the defendant of a fair trial (*see, People v Sandoval,* 34 NY2d 371). Following a proper balancing of probative value versus prejudice, the court properly exercised its discretion in allowing the prosecutor to cross-examine the defendant as to his willingness at various times in his life to place his own self-interest ahead of the interests of society. The court allowed only limited questioning of the defendant regarding his involvement with the criminal justice system at the age of 21, as well as a recent misdemeanor conviction, without reference to the underlying facts (*see, e.g., People v Mattiace,* 77 NY2d 269; *People v Pavao,* 59 NY2d 282; *People v Maurer,* 186 AD2d 228; *People v McClainin,* 178 AD2d 495; *People v Damon,* 150 AD2d 479).

In view of the foregoing determination, we decline to reach the remaining issues raised by the defendant on this appeal. S. Miller, J. P., Thompson, Joy and Friedmann, JJ., concur.