■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY SMITH, Appellant. [697 NYS2d 652] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rios, J.), rendered February 4, 1998, convicting him of criminal sale of a controlled substance in the third degree, assault in the second degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The trial court erred in denying the defendant's challenge for cause to two prospective jurors. Where there is evidence that a prospective juror's state of mind is likely to preclude him or her from rendering an impartial verdict (*see,* CPL 270.20 [1] [b]), the juror is required to state in unequivocal terms that he or she would be able to render a verdict based solely on the evidence adduced at trial (*see, People v Torpey,* 63 NY2d 361, 367; *People v Jordan,* 244 AD2d 360). In evaluating whether the prospective juror has made an unequivocal declaration, the

trial court must consider the juror's entire testimony (*see, People v Torpey, supra*, at 368; *People v Jordan, supra*, at 360). The record clearly demonstrates that the jurors' statements, as a whole, fell short of the required unequivocal declaration of impartiality (*see, People v Burdo,* 256 AD2d 737; *People v Jordan, supra*, at 360; *People v McFadden,* 244 AD2d 887; *People v Sumpter,* 237 AD2d 389, 391). Since the defendant exhausted all of his peremptory challenges, a new trial is required.

In light of our determination we need not reach the remaining issues. Santucci, J. P., Joy, Friedmann and Goldstein, JJ., concur.