THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RYLON GRANT, Appellant. [747 NYS2d 189]

The defendant argues that the Supreme Court committed reversible error when it failed to excuse a juror for cause. We agree.

This case involves the wounding of a young child during the course of a shootout that allegedly took place between the defendant and one or two unknown persons on 105th Street in Queens. During the voir dire, after the court asked if any prospective juror had any concerns, prospective juror number two is revealed to the court at a sidebar conference on the record that he was adopting a young child who had been abused. He then appeared to indicate that instead of judging this case on its merits, he might react to what had happened to his adoptive child. He further indicated that he hoped this would not make a difference in his deliberations. While prospective juror number two subsequently indicated that he could be fair and would base his decision only upon the evidence and the law as the judge gave it, at the same time, he did not unequivocally indicate that he would be able to ignore what he had stated at the sidebar regarding his concerns about his adoptive child.

The court later denied the defendant's challenge for cause as to prospective juror number two forcing the defendant to use a peremptory challenge to have him excused. The defendant ultimately used all of his peremptory challenges.

Where, when considered in the context of a prospective juror's overall responses, there remains any doubt as to the ability of a prospective juror to be impartial, the prospective juror should be discharged for cause (*see People v Blyden,* 55 NY2d 73, 78; *People v Light,* 260 AD2d 404; *People v White,* 260 AD2d 413). In our view, the responses of prospective juror number two indicated that he had a state of mind likely to preclude him "from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]; *see People v Torpey,* 63 NY2d 361). Moreover, his further responses did not unequivocally show that he would not be influenced by his feelings, nor did he exhibit a freedom from bias. Because the defense counsel exercised a peremptory challenge against prospective juror number two, and also exhausted his allotment of peremptory challenges, this error cannot be considered harmless. Thus, the defendant's conviction must be reversed and the matter remitted for a new trial (*see People v Johnson,* 94 NY2d 600; *People v Hewitt,* 189 AD2d 781; *People v Maddox,* 175 AD2d 183; *cf. People v Chambers,* 97 NY2d 417; *People v White,* 266 AD2d 412; *People v Harris,* 247 AD2d 630).

The defendant's remaining contentions are either without merit or need not be reached in light of this determination. Florio, J.P., S. Miller, Townes and Cozier, JJ., concur.