■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GARRISON, JR., Appellant. [818 NYS2d 141]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Kase, J.), rendered January 4, 2006, convicting him of criminal possession of a forged instrument in the second degree and attempted grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

During voir dire, one prospective juror indicated that he might give more weight to a police officer's testimony than to that of a civilian. This same prospective juror revealed that he had been the victim of an identity theft, a crime similar in nature to the one being tried, and he indicated that he was "not sure" if he

could judge the case fairly. When asked if he could "promise" to put his experience out of his head, the prospective juror responded "no," that he could not make such promise, but that he would "try." The court denied the defendant's challenge for cause, and the defendant then removed the prospective juror peremptorily. Thereafter the defendant exhausted his peremptory challenges.

As the People commendably concede, the prospective juror's answers revealed a state of mind likely to preclude him "from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]; *see People v Johnson*, 94 NY2d 600, 614 [2000]; *People v Grant*, 297 AD2d 687, 688 [2002]; *People v Zachary*, 260 AD2d 514 [1999]; *People v Light*, 260 AD2d 404, 405 [1999]; *People v White*, 260 AD2d 413, 414 [1999]) and, therefore, the challenge for cause should have been allowed (*see People v Blyden*, 55 NY2d 73, 78 [1982]; *People v Light, supra; People v White, supra*). Since the defendant exercised a peremptory challenge to remove the prospective juror and subsequently exhausted his allotment of peremptory challenges, the conviction must be reversed (*see* CPL 270.20 [2]; *People v Grant, supra* at 688; *People v Light, supra* at 405-406).

In light of the foregoing, we need not reach the defendant's remaining contentions. Florio, J.P., Santucci, Rivera and Fisher, JJ., concur.